JANE YOUNG, AND OTHERS, LEGATEES OF JOHN PARKS, DE-
CEASED, APPELLANTS, *v.* EDWARD L. SMITH, AND HENRY N.
ALLEN, EXECUTORS OF THE LAST WILL AND TESTAMENT
OF JOHN PARKS, DECEASED.

A bill was filed by residuary legatees claiming to receive from the executors their re-
spective proportions of the estate of the testator; on a reference to a master to take
an account, the master reported seven thousand seven hundred and ninety-five dol-
lars and twenty-seven cents to be in the hands of the executors, which sum was paid
by them into Court. The report was referred back to the master, who made his
final report, by which he found a further sum in the hands of the executors, exclusive
of sundry uncollected debts then outstanding, some bad, and some good. Excep-
tions were filed to this report, which were disallowed by the Court. The Circuit
Court decreed that the report should be accepted, and that the complainants should
have execution for the sum reported in the hands of the executors: and as to the
residue of the debts due the estate as soon as the same, or part of them, should be
collected, the amount should be paid into Court for distribution, to be made under
the direction of the Court. Held, that this is an interlocutory, and not a final de-
cree, in the sense of the act of Congress; and an appeal from the same cannot be
taken.

ON appeal from the Circuit Court of the United States for the
southern district of Alabama.

This case was before the Court, on a motion to dismiss the
appeal; the decree of the Circuit Court of Alabama, being, as
was contended by Mr. Sergeant, for the appellees, an interlocu-
tory, and not a final decree.

Mr. Key opposed the motion.

Mr. Justice STORY delivered the opinion of the Court.

This is an appeal from the decree of the Circuit Court of the
Southern District of Alabama, in a suit in equity; and the only
question now submitted for our consideration is whether the de-
cree in the case is a final decree, in the sense of the acts of Con-
gress of the 24th of September, 1789, ch. 20, sec. 22; and the act
of 3d of March, 1803, ch. 93; from which an appeal lies to this
Court.

The original bill was brought by the plaintiffs, (now appel-

[Young et al. *v.* Smith et al.]

lants,) against the appellees, as executors of John Parks, to recover their respective proportions as residuary legatees of the personal estate of the testator under his will, and for an account and due administration of the assets. Upon the coming in of the answer, it was referred to a master to take an account; the master afterwards made a report, to which exceptions were filed; and it was thereupon ordered by the Court that the sum of seven thousand seven hundred and ninety-five dollars and twenty-seven cents, admitted to be in the hands of the executors, be paid into Court, subject to the order of the Court, which was accordingly paid; and the report was, thereupon, referred back to the master: and after several intermediate proceedings and reports, the master made his final report on the 2d of March, 1840, by which he found a balance then in the hands of the executors, of eleven thousand three hundred and fifty-five dollars and twenty-three cents, inclusive of the said sum of seven thousand seven hundred and ninety-five dollars and twenty-seven cents, and exclusive of sundry uncollected debts, then outstanding, some of which were good, some doubtful, and some bad. To this report the plaintiffs filed certain exceptions, on the 27th of the same month; which exceptions were disallowed by the Court as not having been taken before the master, or filed in the proper time. And thereupon the Court proceeded to decree that the report be accepted, that the plaintiffs should have execution for the said sum of eleven thousand three hundred and fifty-five dollars and twenty-three cents; and "that as to the residue of the debts due to the estate of John Parks, deceased, and not collected, it is ordered and adjudged by the Court, that as soon as the said executors shall succeed in the collection of the same, or any part thereof, that they do pay the amount into Court for distribution, to be made under the direction of this Court." The plaintiffs having received the said sum of seven thousand seven hundred and ninety-five dollars and twenty-seven cents, acknowledged the receipt thereof; which was to be credited on the decree as a payment made on the 18th of November, 1838: to the above decree the appeal is taken.

We are of opinion that the decree is an interlocutory and not a final decree, in the sense of the act of Congress. It is plain that it does not dispose of the whole matter in controversy be-

[Young et al. *v.* Smith et al.]

tween the parties. And if an appeal could now lie upon the decree already rendered, an appeal could also lie from time to time, from any future decree of distribution of any assets which may be collected after the former decree, toties quoties; without any final decision being made of all the matters in controversy. In our judgment this would be against the clear import and intention of the acts of Congress; which were designed to give an appeal only from a decree final, upon the whole matters and merits of the controversy.

The consequence is, that the appeal must be dismissed with costs.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Alabama, and was argued by counsel. On consideration whereof, it is the opinion of this Court that the decree in this case is an interlocutory and not a final decree in the sense of the act of Congress; whereupon, it is now here ordered and decreed, that this appeal be, and the same is hereby, dismissed with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court to be proceeded in according to law and justice.