JOHN B. CRAIGHEAD ET AL. APPELLANTS, v. JOSEPH E. AND ALEXANDER WILSON.

Where a case in chancery was referred to a master to state accounts between the plaintiffs and defendants, to ascertain how much property remained in the hands of the latter, and how much had been sold, with the prices; to make allowances to the defendants for payments made or encumbrances discharged, and to ascertain what might be due from either defendant to the plaintiffs, this was not such a final decree as could be appealed from to this court.

Although the decree settles the equities of the bill, yet the amount to be distributed amongst the parties, depends upon the facts to be reported by the master; and until the allotment to each one of the share to which he might be entitled, the decree cannot be considered as final.

THIS was an appeal from the circuit court of the United States, for the eastern district of Louisiana.

There were briefs filed in this case by *Mr. Robertson* and *Mr. Taylor*, for the appellants, and by *Mr. Benjamin* and *Mr. Janin*, for the appellees; but the question of jurisdiction was not raised.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal from the circuit court of the United States, for the eastern district of Louisiana.

During the opening argument of this case, doubts were suggested whether the decree of the circuit court was final within the act of congress, and the attention of the court was directed to that question.

The complainants filed their bill in the circuit court, claiming as heirs a part of the property of Joseph and Lavinia Erwin, deceased. Erwin died in 1829, in the parish of Iberville, having made his will in 1828. His property, real and personal, was much embarrassed; the persons claiming an interest in the succession were numerous; and, from the loose manner in which the property was managed by the testator in his lifetime, and by those who succeeded him, great difficulty was found in the distribution of the estate.

The circuit court, having ascertained the heirship of the claimants and their relative rights in the succession, referred the matter to a special master, " to take an account of the successions of the said Joseph Erwin, sen., Joseph Erwin, jr., and Lavinia Erwin, in so far as it may be necessary to state the accounts between the plaintiffs and the heirs at law, defendants in this suit, to ascertain the property in kind that remains in the possession and control of either of the defendants, except Adams and Whiteall, as aforesaid—what has been sold, and the prices of the same and the profits thereof; and he will report all the encumbrances that have been discharged by either of the defendants on the same, and make to them all just allowances for payments, and permanent and useful improvements, and just expenses, and to ascertain what may be due to the said plaintiffs from either defendant; and the said master may make a special report of any matters that may be requisite to a full adjustment of the questions in the cause."

By the 22d section of the judiciary act of 1789, it is provided, that final decrees of the circuit court, where the amount in controversy exceeds two thousand dollars, may be brought before this court by an appeal. The law intended that one appeal should settle the matter in controversy between the parties; and this would be the result in all cases where the appeal is taken on a final decree, unless it should be reversed or modified by this court.

The cases are numerous which have been dismissed on the ground that the appeals were taken from interlocutory decrees. In Perkins *v.* Fourniquet, 6 How. 206, it was held, " where the circuit court decreed that the complainants were entitled to two sevenths of certain property, and referred the matter to a master

in chancery, to take and report an account of it, and then reserved all other matters in controversy between the parties until the coming in of the master's report," was not a final decree on which an appeal could be taken. And, in the same volume, 209, Pulliam et al. *v.* Christian, where "a decree of the circuit court, setting aside a deed made by a bankrupt before his bankruptcy; directing the trustees under the deed to deliver over to the assignee in bankruptcy all the property remaining undisposed of in their hands, but without deciding how far the trustees might be liable to the assignee for the proceeds of sales previously made and paid away to the creditors; directing an account to be taken of these last-mentioned sums in order to a final decree," was held not to be a final decree, and the appeal was dismissed.

The above cases are sufficient to show the grounds on which appeals in chancery are dismissed. To authorize an appeal, the decree must be final in all matters within the pleadings, so that an affirmance of the decree will end the suit. To apply this test, in all cases, cannot be difficult.

In no legal sense of the term, is the decree now before us a final one. The basis of the decree, embracing the equities in the bill, is found, but the distribution among the parties in interest depends upon the facts to be reported by the master. It is his duty, under the interlocutory decree, to balance the equities by ascertaining what has been expended on the property, and what has been received by each of the claimants; and also every other matter which should have a bearing and influence in the distribution of the property. Until the court shall have acted upon this report and sanctioned it, giving to each of the devisees his share of the estate under the will, the decree is not final.

There may be cases in which the attention of the court has not been drawn to the character of the decree appealed from; but such an inadvertence cannot constitute an exception to the rule. The decision of the court, under the law, establishes the rule which must govern in appeals from the circuit courts.

The case of Whiting *v.* Bank of the United States, 13 Peters, 6, is supposed to conflict with the above rule; but that was a decree of foreclosure and sale of the mortgaged premises. This was held to be a final decree, the order for sale having an effect similar to that of an execution on a judgment.

The case of Michaud et al. *v.* Girod et al. 4 How. 503, was an interlocutory decree in the circuit court, and which case, being appealed, was heard and decided by this court. But, from the report, there appears to have been no exception taken to the appeal, and it may be presumed to have escaped the notice of the court.

The case of Forgay et al. v. Conrad, 6 How. 201, was an appeal from an interlocutory decree, which was sustained, though objected to. But this decision was made under the peculiar circumstances of that case. The decree was, that certain deeds should be set aside as fraudulent and void; that certain lands and slaves should be delivered up to the complainant; that one of the defendants should pay a certain sum of money to the complainant; that the complainant should have execution for these several matters; that the master should take an account of the profits of the lands and slaves, and also an account of certain money and notes, and then said decree concluded as follows, viz.: " And so much of said bill as contains or relates to matters hereby referred to the master for a report, is retained for further decree in the premises," &c.

It will be observed, that two deeds for lots in New Orleans were declared to be null and void, and certain slaves owned by Forgay, one of the appellants, were directed to be sold on execution, as also the real estate and the proceeds distributed among the bankrupt's creditors; and if the defendants principally interested could not take an appeal until the return of the master, their property, under the decree, would have been disposed of beyond the reach of the appellate court, so that an appeal would be useless. This was the principal ground on which the appeal was sustained, although it was stated that this part of the decree was final.

The court say: " The decree upon these matters might and ought to have awaited the master's report; and when the accounts were before the court, then every matter in dispute might have been adjudicated in one final decree; and if either party thought himself aggrieved, the whole matter would be brought here and decided in one appeal, and the object and policy of the acts of congress upon this subject carried into effect."

The decree before us is not final, consequently it must be dismissed.