The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 The question is whether the decree in this case was final for the purpose of appeal?
 

 The eighth rule of the court, prescribing the practice of the United States courts in equity, directs that “if the decree be for the performance of any specific act, it shall prescribe the time within which the act shall be done, of'which the defendant is bound to take notice,” and that, “on affidavit by the plaintiff of non-performance within the prescribed time, the clerk shall issue a writ of attachment against the • delinquent party, from which he shall not be discharged
 
 *345
 
 unless on full compliance, or by special order'enlarging the time.”
 

 In- this case the decree directs the performance of a specific act, and requires that, it be done forthwith. The effect of the act when done is to invest the transferees with all the •rights of ownership. It changes the property in the stock as absolutely and as completely as could be done by execution on a decree for sale. It looks to no future modification or change of the decf-ee. No such change or modification was possible after the term, except on rehearing or by bill of review in the Circuit Court, or through appeal in this court.
 

 So far as the court below was concerned, the decree in the case determined the principal matter in controversy between . the parties. And since the decree could not be changed except through a new and distinct proceeding, it determined that matter finally.
 

 Why, then, must it not be regarded as a final decree within the meaning of the acts of Congress providing for appeals ?
 

 . 1 The eighth rule of practice to which we have' referred certainly regards such a decree as that now.uñder consideration as final in respect to the act to be performed.
 

 But it is insisted that this court has held' that no decree ' which does not completely dispose of the whole cause is final, and that this decree, though disposing completely of the controversy as to the ownership of the stock, is not final, because it directs certain accounts to be taken.
 

 It is true that this court has always desired that appeals ,oe taken only from decrees which are not only final but complete; and has, upon one occasion, at least, directed the attention- of the Circuit Courts to the expediency and im-' portance of refraining from making final decrees on any part of a cause, however important, until prepared to dispose of it completely. Such a course would undoubtedly save much inconvenience, both to the Circuit Courts and this court, and diminish largely the expense of litigation to suitors.
 

 And it may be true, that under th,e influence of these considerations the degree of finality essential to the right of ap
 
 *346
 
 peal lias been sometimes pushed quite to the limit of construction. But we think that the current of decisions fully sustains the rule laid down by the late Chief Justice in-the case of
 
 Forgay
 
 v.
 
 Conrad,
 
 and which we again declare in his own language: “When the decree decides the right to the property in contest, and directs it to be delivered up by the defendant to the complainant, or. directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such decree carried immediately into execution, the decree must be regarded as a .final one to that extent, and authorizes an appeal to this court, although so much of the bill is retained in the Circuit Court as is necessary for the purpose of adjusting by further decree the'accounts between the parties pursuant to the decree passed.”
 

 The reasoning in the case just cited fully vindicates this rule, in our judgment, as a sound construction of the acts of Congress relating to appeals, and is sustained by the authority of several decisions.
 
 *
 

 And it is quite clear that the appeal under consideration is within this rule. The decree for which it was taken decided the right to the property in contest, directed it to be delivered by defendant to complainant by transfer, entitled the complainant to have the decree carried immediately into execution, leaving only to be adjusted accounts between the parties in pursuance of the decree settling the question of ownership.
 

 It follows that the motion to dismiss must be
 

 Denied.
 

 *
 

 Ray v. Law, 3 Cranch, 179; Whiting
 
 v.
 
 Bank United States, 13 Peters, 6; Michoud
 
 v.
 
 Girod, 4 Howard, 505. See also Orchard
 
 v.
 
 Hughes, 1 Wallace, 657; Milwaukie and Minnesota Railroad Co.
 
 v.
 
 Soutter, 2 Id. 440; Withenbury
 
 v.
 
 United States, 5 Id. 821.