## LODGE v. TWELL.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF MONTANA.

No. 284. Submitted April 18, 1890. — Decided April 28, 1890.

A decree in equity setting aside a conveyance of personalty and of real estate as fraudulently made to hinder, delay and defraud the plaintiff, and appointing a receiver of all the property of both classes, and ordering a sale of all that remained, and an accounting by the defendants of so much of the personalty as they had parted with and of the proceeds thereof, and the payment of arrears of alimony due the plaintiff from the proceeds of the sale, and further ordering that the receiver should hold the balance subject to the order of the court as to alimony subsequently to accrue, is not a final decree from which an appeal can be taken, inasmuch as there still remains to be determined what personal property had been parted with, and what was its value and the amount of the proceeds to be accounted for.

AMANDA TWELL brought her action in equity in the District Court, Second Judicial District, Deer Lodge County, Montana Territory, against Richard Twell, Joseph Lodge and Samuel Beaumont, to set aside certain transfers of property by Twell to Lodge and Beaumont, on the ground that they were made with intent to defraud the appellee in the matter of alimony awarded her by a decree of divorce, and to have the property applied to the payment of such alimony. The divorce decree was entered December 17, 1883, and adjudged that defendant Twell pay to complainant, during her natural life or until further order of the court, the sum of $50 per month, and that he give security therefor.

The bill averred that defendant Twell had failed to obey said decree in that he had not paid the monthly instalments for alimony and had failed to give the required security; that he had departed from the Territory without making any provision for the payment, and leaving unpaid the sum of $150; that on December 22, 1883, being the owner of real estate situated in Deer Lodge County of the value of $1200 and of

personal property worth $5000, to avoid the process of the court for the enforcement of said decree, he made a pretended sale and assignment of his property to the defendants Lodge and Beaumont; and that said sale and assignment were fraudulent and void, and were intended and made for the purpose of delaying and hindering and defrauding the plaintiff, to the knowledge of defendants Lodge and Beaumont, who made the purchase to enable Twell to so defraud the plaintiff of her rights. The bill also alleged that said Twell had no other property within the jurisdiction of the court, and prayed that the sale and assignment be declared fraudulent and void as against the plaintiff; that a receiver be appointed; that Lodge and Beaumont be required to account for all the property received by them, with the rents, issues and profits, and all proceeds arising from sales thereof; that the defendants be enjoined from disposing of any of said property or its proceeds; and that the receiver be directed to sell the property, and pay the $150 then due and whatever sum might be due at the time of the sale, holding the balance subject to the order of the court to pay on the aforesaid decree. A decree by default was entered against the defendant Twell. Lodge and Beaumont demurred, which demurrer was overruled and the defendants excepted. They also filed their separate answer denying the allegations of the bill touching fraud. The cause came on for trial on the 6th of December, 1884, and the defendants, Lodge and Beaumont, by leave of court amended their answer, and denied "that the value of the property sold or assigned to these defendants, Lodge and Beaumont, as specified in complainant's complaint, was, at the time of the purchase thereof, of the value of six thousand two hundred dollars, or any greater value than about three thousand five hundred dollars." This amendment was verified by Lodge and Beaumont.

The trial court found that the sale was fraudulent and void, and made with intent to hinder, delay and defraud the plaintiff, and that plaintiff was entitled to the relief asked for in her complaint, and, among other facts, "that the property sold by defendant Twell to defendants Lodge and Beaumont

was, at the time of said sale, of the value of at least $4200, and that defendants Lodge and Beaumont have realized from the personal property sold, since said sale, the sum of about twenty-five hundred dollars, and still have all the real estate and personal property, of the value of at least $600, in their hands." The defendants Lodge and Beaumont moved the court for judgment, notwithstanding the findings, which motion was overruled and the defendants excepted. A decree was then entered in favor of the plaintiff, setting aside the sale and assignment by Twell to Lodge and Beaumont, and appointing a receiver of the property and effects of Twell, which he had at the time of the entry of said decree of divorce, and sold and conveyed to Lodge and Beaumont on or about December 22, 1883, which property was described as consisting at that date of personalty of the value of at least $4200, and real estate of the value of $600; and it was further decreed that Lodge and Beaumont account for all property received by them or either of them under either the sale or assignment above mentioned, and for all proceeds arising from any sale or sales thereof, and for the rents, issues and profits thereof; that they deliver possession of the same to the receiver; that the receiver sell the property delivered; and that out of the proceeds he pay the costs and expenses of the sale and receivership, and all sums due by defendant Twell to the plaintiff under and by virtue of the decree of divorce, and hold the balance of the proceeds of such sales, subject to the order of the court in the above-mentioned decree of divorce between plaintiff and defendant Twell, and for costs. From this decree Lodge and Beaumont appealed to the Supreme Court of the Territory, which affirmed the judgment, and they then appealed to this court, which appeal was allowed February 25, 1886, and an appeal bond then given and approved. An affidavit of value was filed as stated in the opinion.

Mr. *S. S. Burdett* for appellants.

Mr. *James I. Brownson, Jr.*, for appellee.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

It will be perceived that the decree did not identify the particular property to be delivered nor specify the amount of money to be paid or collected. The court had found that Lodge and Beaumont had sold part of the original property and realized therefrom about twenty-five hundred dollars, but the exact amount was not determined by the decree, nor the amount of the rents, issues and profits received by them, nor that Lodge and Beaumont, while directed to account for the property, should respond, as of the date of the invalidated sale, for the value of so much as they had disposed of, or for the proceeds only. The receiver was directed to sell the property delivered to him, but what that property would be necessarily could not appear, until what had been sold by Lodge and Beaumont had been ascertained. Until these matters were adjusted, and the account taken, it was impossible to tell for what amount an order of payment or a money decree should go against the defendants Lodge and Beaumont, after the delivery of the property they had on hand to the receiver. What was left to be done was something more than the mere ministerial execution of the decree as rendered. The decree was interlocutory, and not final, even though it settled the equities of the bill. *Craighead* v. *Wilson*, 18 How. 199; *Young* v. *Smith*, 15 Pet. 287; *Keystone Iron Co.* v. *Martin*, 132 U. S. 91.

In *Railroad Co.* v. *Swasey*, 23 Wall. 405, 409, Mr. Chief Justice Chase, in passing upon a decree of foreclosure and sale, observed that an appeal may be taken from such a decree "when the rights of the parties have all been settled and nothing remains to be done by the court but to make the sale and pay out the proceeds. This has long been settled. The sale in such a case is the execution of the decree. By means of it the rights of the parties, as settled, are enforced. But to justify such a sale, without consent, the amount due upon the debt must be determined and the property to be sold ascertained and defined. Until this is done the rights of the parties are not all settled. Final process for the collection of money cannot issue until the amount to be paid or collected by the process, if not paid, has been adjudged. So, too, process for the sale of specific property cannot issue until the property to

be sold has been judicially identified. Such adjudications require the action of the court." "The authorities are uniform," said Mr. Chief Justice Waite, in *Dainese* v. *Kendall*, 119 U. S. 53, 54, "to the effect that, a decree to be final for the purposes of an appeal must leave the case in such a condition that if there be an affirmance here, the court below will have nothing to do but to execute the decree it has already entered."

Upon applying for the allowance of an appeal to this court, Lodge and Beaumont made affidavit that by the judgment and decree of the District Court, it had been found that the personal property sold to them by Twell was of the value of forty-two hundred dollars, and that the real estate was of the value of six hundred dollars, and they stated in effect that they had received, up to the rendition of the judgment of the Supreme Court, rents and profits sufficient, if added to those sums, to make an aggregate in excess of $5000. But, as we have seen, the decree referred to the value of the property as of the date of the alleged sale and assignment, and did not in terms require Lodge and Beaumont to account at that value, so that until the entry of another decree it would remain problematical whether the money which might thereby be decreed to be paid and the value of the property recovered in specie together, would be equal to the amount necessary to give us jurisdiction.

Taking this decree as a whole, we are satisfied that the appeal from the judgment affirming it will not lie, and it is accordingly

*Dismissed.*