## MAAS v. LONSTORF.

(Circuit Court of Appeals, Sixth Circuit. December 17, 1908.)

No. 1,816.

1. APPEAL AND ERROR (§ 76*)—"FINAL DECREE."

A "final decree" which may be reviewed on appeal or writ of error is one which settles all the matters in litigation between the parties, within the pleadings, so that an affirmance by the appellate court will end the suit and leave nothing for the trial court but the execution of the decree.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 426; Dec. Dig. § 76.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

2. APPEAL AND ERROR (§ 80*)—FINAL DECREE—ACCOUNTING.

Where, in a suit to compel a conveyance of an undivided interest in certain real estate and for an accounting, the trial court decided the rights of the parties, and decreed that defendant should convey to complainant an undivided one-sixth of the land described in the bill, but did not prescribe any specific time within which it should be made, and after also finding that complainant was entitled to a proportion of the royalties, rents, and profits received by defendant, ordered an accounting before a master, the decree was not final, and therefore not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 80.*

Finality of judgments and decrees for purposes of review, see notes to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379; Central Trust Co. of New York v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.]

3. EQUITY (§ 438*)—ENFORCEMENT—TIME.

When a cause is heard on the merits and the rights and equities of a party are adjudged, execution of any part of a decree whereby property may be sold, title transferred, or money paid over to one of the parties, should be withheld until the entire litigation is determined, so that the entire case may be reviewed on a single appeal.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 438.*]

4. APPEAL AND ERROR (§ 80*)—FINAL DECREE.

A decree may be final and appealable where an immediate sale or transfer of property involved is directed to be made by one party to another, or where an execution is directed to issue forthwith or at the demand of one of the parties for the collection of a judgment in the cause, though the same decree makes a reference to a master for judicial action on another part of the controversy.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 80.*]

5. EQUITY (§ 438*)—JUDGMENT—ENFORCEMENT—TIME.

Under equity rule 8, declaring that if the decree is for the performance of any specific act, as for the execution of a conveyance of land or the delivery of deeds or other documents, the decree shall prescribe the time within which the act shall be done, a decree directing a conveyance of land, without prescribing the time therefor, reserved execution until the further order of the court.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 438.*]

Appeal from the Circuit Court of the United States for the Western District of Michigan.

A. C. Dustin and H. O. Young, for appellant.

D. H. Ball and A. B. Eldredge, for appellee.

*For other cases see same topic & § NUMBER in Dec. & Am. Dig's. 1907 to date, & Rep'r Indexes

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This bill was filed for the purpose of compelling the defendant below, George J. Maas, to convey to the complainant, Mrs. Margaretha Lonstorf, an undivided one-sixth interest in certain parcels of land described in the bill, and for the purpose of compelling him to account to her for her proportion of all rents, profits, and royalties received by him on account of her undivided interest in the lands standing in his name and managed by him on joint account. The bill also sought an account of a fund placed in his hands to be used in taking options for purchase or lease of lands upon joint account, supposed to contain deposits of iron ore, and for their exploration for such ores. Upon the pleadings and evidence the Circuit Court found the facts to be as claimed by Mrs. Lonstorf, and entered a decree requiring the defendant Maas to convey to her an undivided one-sixth interest in the several parcels of lands described in the bill, subject to a mineral lease to the other defendant, the Cleveland Cliffs Iron Company, the same being her interest under an agreement by which he was to take options of purchase and lease and make explorations of such lands for the joint interest of complainant and said Maas. The court further adjudged that said Maas was justly liable to complainant for an undivided third of all rents, profits, and royalties which he had received on account of said mineral lease, and that the said Cleveland Cliffs Iron Company should thereafter attorn to her to the extent of one-third of the future profits, rents, or royalties to accrue under its said lease. The court further decreed that Maas should account to her for his expenditure of the exploration fund, to which she had contributed, as well as for all profits, moneys, or other valuable things which he had received on the joint account, and be credited with all his joint expenditures on that account. In accordance with equity practice, the court ordered that an accounting be had between said complainant and said defendant Maas, as follows:

"It is further ordered and decreed that an accounting be had between said complainant and said defendant, George J. Maas, and that said defendant George J. Maas be required to account for all moneys and other things of value, whether personal or real estate, received by him upon the sale or disposition of the options or rights in lands mentioned in said bill of complaint, and for all profits realized by him in the exploring venture therein mentioned; that an account be taken of all expenses incurred by the said defendant George J. Maas in connection with the obtaining and selling of said options, so far as the same are properly chargeable to said exploring venture and creditable to said defendant Maas in this case; that defendant Maas also render an account of all moneys that he has realized or may realize up to the time of such accounting as royalty or rent from said lease, and all other profits that he has realized or may realize up to the time of such accounting from said exploring venture; and that the said defendant George J. Maas pay to the said complainant the balance, if any, which shall appear to be due and payable from him to said complainant upon such accounting, and, if upon such accounting it shall appear that there is a balance due and payable from said complainant to said defendant George J. Maas, the complainant pay such balance to defendant Maas; and it is further ordered that it be referred to Francis M. Moore, Esquire, as a special master of this court, to take said accounting and report the same, with his opinion thereon, to this court with all convenient speed, and that upon the coming in of said report such further de-

cree shall be made and entered herein upon said accounting as shall appear to the court to be just and equitable between the parties.

"It is further adjudged and decreed that the said defendant, the Cleveland Cliffs Iron Company attorn to the said complainant as owner of the said undivided one-sixth of said lands, and pay to her her proportion, being one-third, of all rents and royalties hereafter accruing and becoming payable under said lease.

"It is further ordered and decreed that the said defendant George J. Maas pay to the said complainant her costs and charges about her suit in this behalf expended, to be taxed, and that said complainant have execution thereof."

From this decree defendant George J. Maas alone prayed and was allowed an appeal to this court, and the cause has been fully argued upon its merits. There is, however, a question as to the jurisdiction of this court which cannot escape decision before the merits can be considered. Aside from the special provision made by the seventh section of the act creating this court, whereby an appeal is allowed from decrees of inferior courts granting interlocutory injunctions, the right of this court to review by writ of error or appeal the judgments or decrees of the Circuit or District Courts is limited to the "final decrees" of such courts. A like limitation has always existed upon the revising power of the Supreme Court, and there are many opinions of that court defining a "final decree" within the meaning of the statutory power of review. These decisions are conclusive upon this court, and, if the decree appealed from is not a final decree within the meaning of these decisions, it is our plain duty to dismiss the appeal as premature.

The primary proposition settled by these decisions is that a final decree is one which settles all the matters in litigation between the parties and involved by the pleadings, so that an affirmance by this court will end the suit and leave nothing for the lower court to do but the execution of the decree. The law intends that there shall be but one appeal, and that that appeal shall be taken only when all the matters in litigation shall have been determined. The plain object of this limitation is to save the litigants the delay and expense of more than one appeal, and to save the appellate courts the necessity of having two or more appeals when all the matters might have been heard upon one. We cite a few of the many cases bearing upon this general proposition: Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15, 27 L. Ed. 73; Dainese v. Kendall, 119 U. S. 53, 54, 7 Sup. Ct. 65, 30 L. Ed. 305; Lodge v. Twell, 135 U. S. 232, 10 Sup. Ct. 745, 34 L. Ed. 153.

It is most evident that, under this rule, the decree appealed from was not final. A most important accounting was sought by the bill and was ordered by the court below. When the master's report comes in the parties will have the right to be heard upon exceptions to the report, and then to an appeal from a decree upon it. It is therefore clear that, if we should affirm the decree appealed from, the cause would have to be remanded that the accounting ordered might proceed, and equally clear that, when the court should render such decree as right and justice shall demand upon the matters referred to the special master, another appeal will lie that the matters yet unadjudicated may be then reviewed by this court. That the court below did decide the rights and equities of the parties, and did decree that the complainant

was entitled to recover one undivided sixth of the various tracts and parcels of land described in the bill, and that complainant was entitled also to receive from the defendant Maas a proportion of all royalties, rents, and profits received by him under the lease to which the lands in question were subject, does not make the decree final within the rule The decree in these respects is interlocutory, and will remain subject to change until made final by a disposition of the matters referred to the master for a judicial accounting. Perkins v. Fourniquet, 6 How. 206, 12 L. Ed. 406; Pulliam v. Christian, 6 How. 209, 12 L. Ed. 409; Craighead v. Wilson, 18 How. 199, 15 L. Ed 332; Beebe v. Russell, 19 How. 283, 15 L. Ed. 668; Keystone Iron Co. v Martin, 132 U. S. 91, 10 Sup. Ct. 32, 33 L. Ed. 275; Lodge v. Twell, 135 U. S. 232, 10 Sup. Ct. 745, 34 L. Ed. 153; McGourkey v. Toledo & Ohio Ry. Co., 146 U. S. 537, 13 Sup. Ct. 170, 36 L. Ed. 1079. It sometimes occurs that trial courts, without determining all the matters in litigation involved by the pleadings, do determine some of the rights and liabilities in controversy, and order an immediate execution of such partial decree by sale or execution or by a transfer and delivery of property in controversy. In many of the cases cited the Supreme Court has criticised the inferior courts for directing the execution of partial decrees when a master's report has been ordered by the same decree in respect of other matters upon which a further decree would be necessary. The proper practice, when a cause is heard upon the merits and the rights and equities of the parties are adjudged, is to withhold the execution of any part of the decree whereby property may be sold or title transferred or money paid over to one of the parties until the entire litigation is determined, so that the whole case may be carried up and reviewed on a single appeal and the purpose of Congress in limiting appeal to final decrees carried into effect. Forgay et al. v. Conrad, 6 How. 200, 205, 12 L. Ed. 404. The occasional departure from the conservative practice advised by the Supreme Court has resulted in a seeming deviation from the primary rule which defines a final appealable decree as one which settles all of the litigation involved and leaves nothing but the carrying out of the decree.

It has, therefore, been held that an appeal may be final and appealable within the meaning of the statute where an immediate sale of property in contest is ordered, or where an immediate transfer of bonds or stocks involved is directed to be made by one party to another, or where an execution is directed to issue forthwith or at the demand of one of the parties for the collection of a judgment in the cause, although by the same decree the court makes a reference to a master for judicial action upon another part of the controversy between the same parties. The appeal in such peculiar cases is entertained because otherwise irreparable injury might be done if not allowed. Examples of such cases are found in the early cases of Forgay et al. v. Conrad, 6 How. 200, 12 L. Ed. 404; Thomson v. Dean, 7 Wall. 342, 19 L. Ed. 94; First National Bank v. Shedd, 121 U S. 74, 7 Sup. Ct. 807, 30 L. Ed. 877. These cases are distinguished and explained. Beebe v. Russell, 19 How. 283, 287, 15 L. Ed. 668; Keystone Iron Co. v. Martin, 132 U. S. 91, 10 Sup. Ct. 32, 33 L. Ed. 275; McGourkey v. Toledo & Ohio Ry. Co., 146 U. S. 537, 13 Sup. Ct. 170, 36 L. Ed. 1079; Burling-

ton Railway Co. v. Simmons, 123 U. S. 52, 8 Sup. Ct. 58, 31 L. Ed. 73. The ground upon which an appeal is entertained from a decree which does not determine the whole of the litigation actually involved is that, though the decree involves but a part of the case, yet as respects that part it is final when it awards immediate execution.

The decree from which this appeal is taken included a direction that the defendant Maas should make a good and sufficient conveyance to the complainant of an undivided one-sixth interest in the property in controversy. But this decree does not direct that this conveyance should be forthwith made, nor prescribe any specific time within which it shall be made. The actual carrying out of that part of the decree was therefore reserved by the court, for the eighth equity rule requires that if a decree "is for the performance of any specific act, as, for example, for the execution of a conveyance of land or the delivery up of deeds or other documents, the decree shall in all cases prescribe the time within which the act shall be done. * * *" The execution of this part of the decree has therefore been as effectually reserved until the further order of the court as if the court had specifically said so. No irreparable injury can be done Maas through that direction, for he cannot be compelled to make the conveyance through process for contempt until the court shall definitely determine when he shall make such deed. This distinguishes this appeal from that entertained in Thomson v. Dean, 7 Wall. 342, 19 L. Ed. 94, where the act directed was ordered to be done "forthwith," and when done operated to change the ownership in the property as effectually as if sold under a decree or by an execution.

Reluctant as we are to send this case back without any determination upon the merits, we are constrained to dismiss the appeal as premature and remand the cause for further proceedings.