## CUTTING v. WOODWARD et al.

(Circuit Court of Appeals, Ninth Circuit. July 24, 1916.)

No. 2733.

APPEAL AND ERROR ⬅80(4)—DECISIONS APPEALABLE—FINAL DECREES.

In a suit to obtain a decree setting aside and canceling as fraudulent the purchase by defendant of stock in the capital stock of another corporation and to obtain a decree compelling defendant to account for all moneys and property of the plaintiff corporation, which he had received and misappropriated, a decree designated as an interlocutory decree adjudged that the contract between defendant and the directorate of the plaintiff corporation was fraudulent and void, and vested no title to the shares of stock in defendant, but that such shares remained the property of the corporation, which was entitled to have them restored to its name, and further provided for an accounting. From such decree, defendant appealed. *Held* that, as it purported to determine no title to the stock and was under control of the court until an accounting, such decree was not in any sense final, as no execution could be issued thereon, and an appeal therefrom must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 494; Dec. Dig. ⬅80(4).]

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Suit by Henry J. Woodward and others against Henry C. Cutting. from an interlocutory decree, defendant appeals. Appeal dismissed.

The appellees, who were stockholders in the Monetary Trust Company, brought suit against the appellant, joining with him as a party defendant the Monetary Trust Company, to obtain a decree setting aside and canceling as fraudulent the purchase by the appellant from the Monetary Trust Company of 2,350 shares of the capital stock of the Point Richmond Canal & Land Company, also to obtain a decree of the court compelling the appellant to account for all moneys and property of the Monetary Trust Company, which, it was alleged, he had received and misappropriated. The prayer of the bill was that the appellant be required to render a full and accurate account of all moneys, assets, and property he had, received belonging to the Trust Company, and to pay over the same to the treasurer of said company, and that the attempted fraudulent transaction of the appellant, whereby he claimed title to 2,350 shares of the capital stock of the Point Richmond Canal & Land Company, be held void and ineffectual, and that he be required to surrender said shares and cause the same to be reissued in the name of the Monetary Trust Company. Upon the issues and the evidence the court rendered what was designated an "interlocutory decree." It adjudged and decreed that the contract which purported to have been entered into on or about December 20, 1906, between certain members of the board of directors of the Monetary Trust Company and the appellant, which purported to transfer 1,175 shares of the capital stock of the Point Richmond Canal & Land Company from said Trust Company to the appellant, "is fraudulent and void, and vested no title to said shares of stock in said Cutting, but said shares of stock still remain the property of the Monetary Trust Company, and the latter is entitled to have said shares restored to its name upon the books of said Point Richmond Canal & Land Company." It was further decreed that the appellant had no right or title in the income, profits, and dividends received on said shares, and that the appellees, on behalf of the Monetary Trust Company, are entitled to have an accounting thereof. The decree ordered that the appellant account for all moneys due and owing from him to the Monetary Trust Company for and on account of certain other 1,175 shares of the capital stock of the Point Richmond Canal & Land Company, sold and transferred by the Trust Company to the appellant prior to December 20, 1906, and a full accounting of all interest and income therefrom, and all other property which had come into the possession of the appellant belonging to the Trust Company, or paid out on behalf of the Trust Company for the appellant's benefit, and all financial transactions of every character between the Trust Company and the appellant during the period covered by the bill. From that decree the appeal is taken.

Jacob M. Blake, of San Francisco, Cal., for appellant.

John B. Clayberg, Welles Whitmore, and Clayberg & Whitmore, all of San Francisco, Cal., for appellees Woodward.

W. H. H. Hart, of San Francisco, Cal., for appellee Monetary Trust Company.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The appellees move to dismiss the appeal on the ground that the decree is not final. In McGourkey v. Toledo & Ohio Ry. Co., 146 U. S. 536, 545, 13 Sup. Ct. 170, 172 (36 L. Ed. 1079), the court observed that the cases on the subject of the finality of decrees "are not alto-

gether harmonious." Both parties to this appeal cite decisions of the Supreme Court in support of their respective contentions. But the question, so far as the present case is concerned, is, we think, not difficult of solution. In determining whether a decree which does not dispose of the whole case is final, so as to allow of an appeal, the controlling question is whether the decree finally determines some separable portion of the case in such a way that the defendant may be injured by denying him an appeal at that stage of the proceedings. In Forgay v. Conrad, 6 How. 204 (12 L. Ed. 404), Chief Justice Tancy said:

"When the decree decides the right to the property in contest, and directs it to be delivered up, * * * or directs it to be sold, * * * and the complainant is entitled to have [it] carried immediately into execution, the decree must be regarded as final to that extent, * * * although it [may be] necessary * * * by a further decree [to adjust] the accounts between the parties."

In Perkins v. Fourniquet, 6 How. 206, 12 L. Ed. 406, the court said:

"The appellant is not injured by denying him an appeal in this stage of the proceedings, because these interlocutory orders and decrees remain under the control of the Circuit Court, and subject to their revision, until the master's report comes in and is finally acted upon by the court, and the whole of the matters in controversy between the parties disposed of by a final decree."

In Pulliam v. Christian, 6 How. 209, 12 L. Ed. 408, the decree set aside a deed, and directed the trustees under that deed to deliver up all property remaining in their hands undisposed of, but without deciding how far they might be liable for the proceeds of sales previously made, and it directed that an account be taken of those proceeds. It was held that the decree was not appealable. The court said:

"There is no sale or change of the property ordered which can operate injuriously to the parties."

In Beebe v. Russell, 19 How. 283, 15 L. Ed. 668, the decree was that the defendants execute conveyances of certain pieces of property which were alleged to have been fraudulently withheld from the plaintiff, and it then referred the matter to a master to take an account of rents and profits received upon that property. The decree was held not appealable. On the other hand, in Thomson v. Dean, 7 Wall. 342, 19 L. Ed. 94, and in Winthrop Iron Co. v. Meeker, 109 U. S. 180, 3 Sup. Ct. 111, 27 L. Ed. 898, it was held that, where a decree decided the right to property in contest and directed that it be delivered by the defendant to the complainant, it is a final decree, although the court below retains possession of the decree for the purpose of adjusting accounts. But in the case at bar there is no decree directing the transfer of property from the appellant to the appellees, or to the Monetary Trust Company. So far as the title to the shares of stock is concerned, the decree goes no further than to establish the necessary premise to an accounting. It declares that the transfer was fraudulent, that it vested no title, that the shares of stock still remain the property of the Trust Company, and that that company is entitled to have them restored to its name on the books of the Point Richmond Canal & Land Company. But there is no decree that the shares be

surrendered by the appellant, or that they be transferred or assigned
to the Monetary Trust Company. There is nothing in the decree upon
which execution can issue, and there is no necessity of an appeal for
the immediate protection of the appellant's rights. See, also, Craighead
v. Wilson, 18 How. 199, 15 L. Ed. 332; Keystone Iron Co. v. Martin,
132 U. S. 91, 10 Sup. Ct. 32, 33 L. Ed. 275; Lodge v. Twell, 135 U.
S. 232, 10 Sup. Ct. 745, 34 L. Ed. 153; McGourkey v. Toledo & Ohio
Ry., 146 U. S. 536, 13 Sup. Ct. 170, 36 L. Ed. 1079; California Na-
tional Bank v. Stateler, 171 U. S. 447, 19 Sup. Ct. 6, 43 L. Ed. 233;
Maas v. Lonstorf, 166 Fed. 41, 91 C. C. A. 627. Under the plain rule
of the decisions cited, we hold that the decree is not final.

The appeal is dismissed.