BY THE COURT:
This case is submitted upon the motions of plaintiffs-appellees to dismiss the appeal.
Appellant Regency Woods Apartments is the debtor in a case under Chapter 11 of the Bankruptcy Code presently before the United States Bankruptcy Court for the Middle District of Georgia. During the pendency of appellant’s bankruptcy case, appellees, secured creditors, appealed to the United States District Court for the Middle District of Georgia from several orders entered by the bankruptcy court, which were consolidated for hearing before District Judge J. Robert Elliott. On March 29, 1982, Judge Elliott entered an order on appeal, and on April 23, 1982, he entered judgment in accordance with the order.
The order and judgment of the district court, among other things, directed the bankruptcy court as follows:
(a) “To consider whether the best interests of the creditors and the estate re *901 quire immediate conversion or dismissal of this case under Section 1112(b) of the Bankruptcy Code;” and (b) “To require the Debtor to account for all of the cash collateral used since the filing of Debtor’s petition in this case and to grant relief from the stay to the secured creditors unless the Debtor is able to provide immediate cash payments sufficient to compensate the secured creditors for the loss of their collateral since the filing of the petition.”
On July 9, 1982, following the district court’s denial of appellant’s motion to alter, amend or vacate the judgment, appellant filed a timely notice of appeal, appealing the district court’s order and subsequent judgment.
Appellees contend that this appeal should be dismissed because it is not from a final judgment, order or decree of the district court, and that this Court therefore lacks jurisdiction of the appeal under 28 U.S.C.A. § 1293(b).
Appellants contend that, if the district court’s judgment is found to be interlocutory nonetheless this Court has jurisdiction under 28 U.S.C.A. § 1292(a)(1) to decide an interlocutory appeal from the modification of the automatic stay imposed under Section 362 of the Bankruptcy Code because, they argue, it is essentially the modification or dissolution of an injunction.
Appellees argue that 28 U.S.C.A. § 1292(a)(1) does not apply to bankruptcy cases under the new Bankruptcy Code. Collier on Bankruptcy, 13.03[7][e], p. 3-312 (15th ed.). Under the old Act, interlocutory orders were appealable to the court of appeals under 28 U.S.C.A. § 1292(a)(1). “At a time when the House Bill provided for direct appeals of all orders, judgments and decrees of bankruptcy judges to the court of appeals, the appealability of orders regarding the automatic stay was taken care of by amending section 1292(a)(1) to make that section applicable to interlocutory orders of bankruptcy courts. No similar provision is contained in the statute as enacted.” Collier on Bankruptcy, supra, at p. 3-312.
A contrary position, that 28 U.S.C.A. § 1292(a)(1) may be applicable to appeals from the district court in bankruptcy cases, is suggested in Kennedy, The Bankruptcy Court Under the New Bankruptcy Law: Its Structure, Jurisdiction, Venue, and Procedure, 11 St. Mary’s L.J. 25, 291-93 (1979). Although this issue has not been directly addressed by a United States Court of Appeals, the cases of In Re Riddervold, 647 F.2d 342, 343 (2d Cir. 1981) (Friendly, J.), and In Re Continental Investment Corp., 637 F.2d 1, 3 n.l (1st Cir. 1980) (Coffin, J.), both indicate that interlocutory appeals will not be permitted under the new Bankruptcy Code. We believe this is the better view and so hold.
Appeals in bankruptcy cases to courts of appeals from judgments, orders or decrees of district courts are governed by 28 U.S. C.A. § 1293(b), which states that “a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of ... a district court of the United States.”
Appellees argue that since a final decision must generally be “one which ends the litigation . . . and leaves nothing for the court to do but execute judgment,” Catlin v. United States, 324 U.S. 229, 233-234, 65 S.Ct. 631, 633-34, 89 L.Ed. 911 (1945), the order in this case is not final. The case was remanded to the bankruptcy court for an accounting and for the bankruptcy court to consider and implement Section 1112(b) of the Bankruptcy Code. The bankruptcy court was also to determine attorney’s fees and to grant relief from the stay unless the debtor was able to provide immediate cash payments sufficient to compensate the secured creditors for the loss of use of their collateral. Appellees contend that the order required significant judicial activity by the bankruptcy court involving considerable discretion and therefore is not finally dis-positive of the merits of the case. See Craighead v. Wilson, 18 How. 199, 202, 15 L.Ed. 332 (1855).
Section 1293(b) incorporates the principle of finality as used in Fed.R.Civ.P. 54(a). See Advisory Committee’s Note to *902 Bankruptcy Rule 901(8) (definition of judgment). It should therefore be subject to the qualifications and limitations of the Forgay-Conrad rule and the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). See In Re Covington Grain Co., Inc., 638 F.2d 1357, 1360 (5th Cir. 1981) (using the collateral order doctrine in a bankruptcy proceeding). Under the For-gay-Conrad rule an order is treated as final if it directs the immediate delivery of physical property and subjects the losing party to irreparable injury if appellate review must await the final outcome of the litigation. 9 Moore’s Federal Practice, § 110.11, pp. 142-150 (2d ed. 1982). Under the Cohen collateral order doctrine, for an order to be reviewable it must (1) be independent and easily separable from the substance of other claims in the action; (2) present a need to secure prompt review in order to protect important interests of any party; and (3) be examined in the light of practical, rather than narrowly technical, considerations. In Re Covington, supra, 638 F.2d at 1360.
The district judge in this case reversed the bankruptcy court’s decision that appellees (the secured creditors) were adequately protected and directed the bankruptcy court to account for all the cash collateral used since the debtor filed his petition and to grant relief from the stay to the secured creditors unless the debtor is able to provide immediate cash payments sufficient to compensate the creditors for the loss of use of their collateral. The district court has neither passed title to nor directed delivery of any property, and it has not awarded execution. The order does not lift the stay, but rather directs the bankruptcy judge to account for expenditures, determine what is sufficient for adequate protection, and then order cash payments. Until the bankruptcy court orders that the stay be lifted upon the debtor’s failure to make those cash payments, the appellees are not irreparably injured and this case is not within the purview of the Forgay-Conrad rule. Since immediate review is not yet necessary to protect important interests, the Cohen rule is also inapplicable.
The final issue presented in this administrative matter concerns the question as to whether an order granting relief from an automatic stay under 11 U.S.C.A. § 362(d) or an order requiring cash payments to provide adequate protection under Section 361(1) is a final judgment. The grant of relief from a stay and the requirement of cash payments to provide adequate protection may require the immediate delivery of property, and may subject the losing party to irreparable injury if appellate review is delayed; therefore, the Forgay-Conrad rule appears to apply. The Cohen rule also appears applicable. The hearing under Section 362(d) does not involve any issues other than lack of adequate protection, the debtor’s equity in the property, the necessity of the property to an effective reorganization, or the existence of another cause for relief from the stay. The order is therefore independent and easily separable from other claims in the action. But application of the Cohen rule turns on practical considerations. These considerations should also govern the applicability of the Forgay-Conrad rule. If Congress intended that these orders should not be appealed to courts of appeals before the entire bankruptcy case is concluded, finality doctrines might not be appropriate; they would be vehicles for circumventing congressional intent.
 It is unclear why Congress eliminated interlocutory appeals to the courts of appeals, but since the Forgay-Conrad and Cohen rules are used to determine finality, the elimination of interlocutory appeals has little bearing on this question. Congress intended that hearings under Section 362 should be expedited, summary proceedings. See H.Rep.No. 595, 95th Cong., 2d Sess. 343-344, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 6299-6300. And under Section 362(f) relief from the stay may be granted ex parte if the interested party might suffer irreparable damage before there is an opportunity for notice and a hearing. It appears that Congress intended protection for those disadvantaged by the stay, since continuation of the stay may, in *903 some cases, cause more harm than if the stay is dissolved. Continuation of the stay pending appeal, without security for the creditors, might cause the type of undue injury that Congress apparently intended to prevent. But under Bankruptcy Rule 805 the stay could be continued pending appeal upon the posting of a supersedeas bond. If such security is posted, the only apparent adverse effect of allowing appeal from a district court’s order, as in this case, is some additional delay. This should be offset by the potential for irreparable harm that could result from an erroneous district court order that cannot be appealed before termination of the entire litigation.
The motions of appellees Growth Realty Companies and East River Savings Bank to dismiss the appeal are GRANTED.