74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CODE-ALARM, INC., Plaintiff-Appellant,
v.
ELECTROMOTIVE TECHNOLOGIES CORPORATION, Defendant/Cross-Appellant,
and
Directed Electronics, Defendant/Cross-Appellant.
 Nos. 95-1442, 95-1452, 95-1453.
 United States Court of Appeals, Federal Circuit.
 Jan. 3, 1996.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON MOTION
 ORDER
 ARCHER, Chief Judge.
 
 
 1
 Code-Alarm, Inc. moves for a determination of whether this court has jurisdiction to review Code-Alarm's appeal no. 95-1442. Electromotive Technologies Corporation and Directed Electronics oppose. Alternatively, Electromotive moves to dismiss Code-Alarm's appeal no. 95-1442. We question sua sponte our jurisdiction over appeal nos. 95-1452 and 95-1453.
 
 
 2
 Briefly, Code-Alarm brought an action against Electromotive seeking a declaration of invalidity and noninfringement. Electromotive filed a counterclaim alleging that Code-Alarm's device infringed its patent. The district court determined that Electromotive's patent was not invalid and not infringed, and Electromotive appealed. This court reversed, holding that Code-Alarm's device infringed Electromotive's patent, and we remanded for a determination of damages and a ruling on Electromotive's injunction request. Code-Alarm, Inc. v. Electromotive Technologies Corp., No. 92-1537 (Fed.Cir. Sept. 2, 1993).
 
 
 3
 Meanwhile, Code-Alarm developed and began selling a modified device. Electromotive filed an amended counterclaim and a supplemental counterclaim and moved to hold Code-Alarm in contempt for violating the injunction, arguing that Code-Alarm's new device also infringed Electromotive's patent. The district court denied the contempt motion. The counterclaims alleging infringement in relation to the modified device remain to be adjudicated.
 
 
 4
 On remand, with respect to the first device, the district court entered judgment on June 16, 1995 against Code-Alarm awarding the defendants $2,643,143, plus $1,327,006 in enhanced damages, $1,212,500 in pre-judgment interest with an additional $708 per day until judgment is entered, $342,000 in attorney fees, and costs. On June 30, 1995, the district court stayed the judgment pending appeal. Code-Alarm appealed, and Electromotive and Directed Electronics cross-appealed.
 
 
 5
 Code-Alarm questions whether its appeal should be dismissed because Electromotive's counterclaims have not been adjudicated and the trial court did not certify the June 16 order for appeal under Fed.R.Civ.P. 54(b). Electromotive contends that Code-Alarm's jurisdictional motion is "frivolous" because it would result in this court rendering an "advisory opinion." Alternatively, Electromotive moves to dismiss Code-Alarm's appeal for failure to file an opening brief and for filing "frivolous motions."
 
 
 6
 We begin our discussion by noting that this court has the duty to determine whether it has jurisdiction. In re Alappat, 33 F.3d 1526, 1530 (Fed.Cir.1994) (in banc). We thus reject Electromotive's contention that the resolution of Code-Alarm's motion will yield an "advisory opinion." Turning to the merits, this court's jurisdiction is limited to the review of final orders. See 28 U.S.C. Sec. 1295. Rule 54(b) provides in part:
 
 
 7
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment....
 
 
 8
 Fed.R.Civ.P. 54(b). This rule applies when, inter alia, a counterclaim remains unadjudicated. In this case, Electromotive's counterclaims have not been adjudicated. It appears that none of the parties asked the district court to certify the June 16 order for immediate appeal pursuant to Rule 54(b). Because the June 16 order does not dispose of Electromotive's counterclaims, it is not a final order.
 
 
 9
 Electromotive contends that the June 16 order is an appealable order because it is executable. In King Instrument. Corp. v. Otari Corp., 814 F.2d 1560, 1562-63 (Fed.Cir.1987), we held that an interlocutory order against Otari confirming a damages award and "ordering execution thereof" was immediately appealable as a final order even though other issues remained unadjudicated. We relied on Forgay v. Conrad, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848), which involved an appeal from an interlocutory order directing the immediate transfer of property. In Forgay, the Court concluded that absent an immediate appeal, execution of the judgment would subject the appellants to "irreparable injury." Forgay, 47 U.S. (6 How.) at 204.
 
 
 10
 Neither King Instrument nor Forgay is applicable to this case. In King Instrument and Forgay, the threat of injury was to the appellants, i.e., judgments against them were about to be executed. In this case, the appellant is not claiming irreparable injury. Indeed, Code-Alarm is arguing that its appeal should be dismissed, and the district court has stayed execution of the judgment. Finally, Electromotive has not alleged that it will not be able to collect under the damages judgment after a final judgment on its counterclaims has been entered. In sum, there is no threat of irreparable injury to any party and, thus, the Forgay rule is not applicable.*
 
 
 11
 The June 16 order was not certified pursuant to Rule 54(b) and Electromotive's counterclaims remain to be adjudicated. Thus, we dismiss appeal nos. 95-1442, 95-1452, and 95-1453 for lack of jurisdiction.
 
 
 12
 Accordingly,
 
 IT IS ORDERED THAT:
 
 13
 (1) Code-Alarm's motion to dismiss appeal no. 95-1442 is granted. Code-Alarm's motion for an extension of time to file its brief is moot. Electromotive's motion to dismiss appeal no. 95-1442 is moot.
 
 
 14
 (2) Appeal nos. 95-1452 and 95-1453 are dismissed sua sponte.
 
 
 
 *
 In decisions immediately following Forgay, the Supreme Court narrowly construed that case's holding. For example, in Craighead v. Wilson, 59 U.S. (18 How.) 199, 15 L.Ed. 332 (1855), the order appealed from determined property rights, like the one in Forgay, but it also referred the case to a special master for an accounting and immediate execution was not contemplated. The Court dismissed the appeal distinguishing Forgay on the basis that in Forgay the appeal was permitted because of the danger of irreparable injury to the appellant absent an immediate appeal. Craighead, 59 U.S. (18 How.) at 202. One commentator has suggested that over the years the Forgay holding has been further limited such that now, absent some "special danger" to the appellant, an immediate appeal from an executable order is not available. 15A Charles A. Wright et al., Federal Practice and Procedure Sec. 3910, at 318 (1992)