# BURLINGTON, CEDAR RAPIDS AND NORTHERN RAILWAY COMPANY *v.* SIMMONS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION.

Submitted October 11, 1887. — Decided October 24, 1887.

A decree in a suit in equity to foreclose a mortgage, which determines the validity of the mortgage, and, without ordering a sale, directs the cause to stand continued for further order and decree upon the coming in of a master's report, is not final for the purposes of an appeal.

*Parsons* v. *Robinson*, 122 U. S. 112, and *First National Bank of Cleveland* v. *Shedd*, 121 U. S. 74, distinguished.

THIS was a motion to dismiss an appeal because the decree appealed from is not final, but interlocutory only. The case was in substance this:

A bill was filed by a junior mortgagee against the mortgagor and a prior mortgagee to foreclose his mortgage and to establish his right to redeem the prior mortgage. The defence was that under certain proceedings had for the foreclosure of the prior mortgage his right to redeem had been cut off, and the mortgaged property sold free of his lien. The decree appealed from found: 1. That the junior mortgage was still a valid and subsisting lien, and that the right of its trustee and beneficiaries to redeem had not been cut off by the proceedings for the foreclosure of the earlier mortgage. 2. That those claiming title under the sale upon the foreclosure of that mortgage, and certain other parties, were entitled to redeem the junior mortgage "by paying off the amount due" thereon, "at such time as shall hereafter be fixed and determined by a further order or decree to be entered in this cause." 3. In case none of the parties claiming under the prior mortgage redeem the junior mortgage, and the junior mortgagee redeems the prior one, then that the junior mortgage shall be foreclosed, and a sale of the property "shall be had under a decree to be entered by this court," and the proceeds shall be applied, first, "to paying off the amount

paid to redeem from the first" mortgage; second, the amount found due on the second mortgage; and the balance, if any, paid to the mortgagor. 4. "In the event that none of these parties shall redeem from the others, . . . then a sale" of the mortgaged property "shall be had pursuant to such decree as may hereafter be entered herein, and from the proceeds shall be paid off, first, the amount which it may be hereafter determined is due on the first" mortgage; "second, . . . the amount which it may hereafter be determined is due on the second" mortgage; and, third, the balance, if any, to the mortgagor.

It was then ordered that, "for the purpose of determining the amount necessary to be paid by any of the parties in making redemption, as herein provided," the cause be referred to a master "to find and report" the amount due on both the first and the second mortgages, in accordance with certain principles of accounting which were specifically stated. The whole then concluded as follows: "This decree being interlocutory, it is ordered that said cause stand continued for further order and decree." From this decree the appeal was taken.

The case is reported as *Simmons* v. *Taylor*, 23 Fed. Rep. 849.

*Mr. W. H. L. Lee* for the motion. *Mr. Herbert B. Turner* and *Mr. B. F. Lee* were with him on the brief.

*Mr. Thomas F. Withrow*, opposing.

The appeal was taken in this case for the reason that a difference of opinion has been expressed in the court below as to the character of the decree. There is apparent warrant for this difference in the decisions of the courts. For example: This court held, in *The National Bank* v. *Shedd*, 121 U. S. 74, that the decree appealed from in that case, which ordered a sale of mortgaged property "before the rights of the parties under the several mortgages had been fully ascertained and determined," was a final decree, from which an appeal could be taken. In the later case of *Parsons* v. *Robinson*, 122 U. S.

112, the decree was held to be interlocutory "as it now stands," because "it does not terminate the litigation between the parties on the merits of the case," and that a decree is final only "*when it leaves nothing to be done but to make the sale and pay out the proceeds.*" The decree appealed from in this case leaves for determination the defences which affect the income and equipment bonds, all equities of the first mortgage bondholders, the amounts due on the income and equipment bonds, and on the first mortgage main line bond, after applying the rents and profits arising from the operation of the railway through a period of several years. That these cases are not in entire accord, in the judgment of the learned counsel who make this motion, is indicated by the fact that they cite the one last mentioned and omit the first.

Mr. CHIEF JUSTICE WAITE, after stating the case as above reported, delivered the opinion of the court.

The rulings at the last term in *Parsons* v. *Robinson,* 122 U. S. 112, are decisive of this motion. The right of the junior mortgagee to redeem the prior mortgage has been established by the decree appealed from, but the amount he must pay has not been determined. The validity of his lien as security for the amount due on his mortgage has been declared, but what that amount is has not been fixed. His right to a sale of the mortgaged property in case the debt is not paid has been settled, but such a sale cannot be made until a further order to that effect is entered. The litigation has not been ended; the terms of the redemption have not been fixed, and the foreclosure sale awaits the further judicial action of the court. In short, nothing can be done towards carrying the decree into effect until the "further order or decree" for which the cause was continued. This is shown more than once on the face of the decree, and consequently the decree is in fact, what the court took care to say it was, "interlocutory" only, and not final for the purposes of an appeal.

It is suggested in the brief of counsel for the appellant that the cases of *First National Bank of Cleveland* v. *Shedd,* 121

U. S. 74, and *Parsons* v. *Robinson, supra,* are in conflict, but this is a mistake. In Shedd's case there was a decree of sale absolutely and without reserve, which could be carried into execution at once, and when a purchaser acquired title under it, he would have held as against all the parties to the suit, no matter what might be the rulings on the other questions in the case which were reserved for further adjudication. The language of the decree, as shown at page 84, was to the effect "that the whole property be sold as an entirety, . . . and that upon a confirmation of the sale the purchaser be entitled to a conveyance freed and discharged of the lien of the mortgages, receiver's certificates, costs, expenses, &c." Such a decree was surely final for the purposes of an appeal within the rule as stated in *Forgay* v. *Conrad,* 6 How. 201, where it is said, at page 204: "When the decree decides the right to the property in contest, and directs it to be delivered up by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such a decree carried immediately into execution, the decree must be considered as a final one to that extent, and authorizes an appeal to this court, although so much of the bill is retained in the Circuit Court as is necessary for the purpose of adjusting by a further decree the accounts between the parties pursuant to the decree passed." To the same effect are *Ray* v. *Law,* 3 Cranch, 179; *Bronson* v. *Railroad Co.,* 2 Black, 524, 531; and *Thomson* v. *Dean,* 7 Wall. 342, in which last case it is said, page 345: "In this case the decree directs the performance of a specific act, and requires that it be done forthwith. The effect of the act when done is to invest the transferees with all the rights of ownership. It changes the property in the stock as absolutely and as completely as could be done by execution on a decree for sale. It looks to no future modification or change of the decree." If a sale had been made under the decree as it is stood in Shedd's case, "the title of the purchaser would not have been overthrown or invalidated, even by a reversal of the decree; and consequently the title of the defendants to the lands would have been extinguished,

and their redress, upon the reversal, would have been of a different sort from that of a restitution of the land sold." Such was the language of this court, speaking through Mr. Justice Story, in *Whiting* v. *Bank of the United States*, 13 Pet. 6, 15, in reference to the effect of a sale under a decree of foreclosure and sale, and there cannot be a doubt of its correctness. It was for this reason the decree in Shedd's case was held to be final in the sense of a court of equity for the purpose of an appeal.

But in *Parsons* v. *Robinson* we held there was no decree of sale which could be "carried immediately into execution;" that no order of sale could issue until the court had "given its authority in that behalf;" and that "further judicial action must be had by the court before its ministerial officers" "could proceed to carry the decree into execution." In this consists the difference between the two cases: in Shedd's case there was actually a decree of sale; in Parsons' case there was not. So, here, there has been no actual decree of sale, and

*The motion to dismiss is granted.*