**LAWTON MILL & ELEVATOR Co. et al. v. FARMERS' AND MERCHANTS' BANK OF CINCINNATI, IOWA, et al.**

No. 7351—Opinion Filed Jan. 16, 1917.

Rehearing Denied May 29, 1917.

(164 Pac. 670.)

1. **Receivers—Sale Pending Foreclosure—Jurisdiction.**

A court of equity has power, in a suit to foreclose a mortgage on real estate, to order its receiver in charge of the property involved to sell such property, even in advance of a decree determining the rights of the parties, but such power should be exercised with extreme caution, and never unless it is clearly apparent that a sale will be for the benefit of all parties whose rights are involved.

2. **Same.**

Record examined, and held not to justify an order to a receiver to sell real estate.

(Syllabus by Burford, C.)

Error from District Court, Comanche County; J. T. Johnson, Judge.

Suit by the Farmers' & Merchants' Bank of Cincinnati, Iowa, against the Lawton Mill & Elevator Company and Frank E. Humphreys and Flora E. Humphreys, in which the Farmers' State Bank of Promise City, Iowa, and N. A. Robertson filed answers and cross-petitions against the defendants. From the overruling of their objections to and the confirmation of a sale of defendants' property, defendants bring error. Reversed, with direction to set aside the order confirming the sale, and to vacate the order for a receiver's sale, etc.

.W. C. Henderson and H. G. McKeever, for plaintiffs in error.

W. C. Stevens, for defendants in error.

Opinion by BURFORD, C. The Farmers' & Merchants' Bank of Cincinnati, Iowa, filed in the district court of Comanche county, its petition to recover upon certain promissory notes, alleged to be executed by the Lawton Mill & Elevator Company and indorsed by Frank E. and Flora E. Humphreys, and to foreclose a mortgage upon certain real property, consisting of a mill and elevator and machinery and appliances thereof belonging to the Lawton Mill & Elevator Company. The Farmers' State Bank of Promise City, Iowa, and N. A. Robertson filed answers and cross-petitions, likewise seeking recovery upon the notes of the elevator company and Humphreys and the foreclosure of mortgages upon the same property. Defendants, Lawton Mill & Elevator Company and Frank and Flora Humphreys, answered, denying under oath the allegations of the petition and cross-petition, and including the allegations of the execution of the notes and mortgages sued upon, and further setting up that the debt sued upon was not yet due. Plaintiff and the cross-petitioners replied by general denial. Meanwhile, upon application therefor, the court appointed a receiver—

"to take charge of the property covered by and included in the mortgage of the said plaintiff and cross-petitioners * * * and handle, manage, and direct and control and rent the same until the further order of this court."

After the case was at issue, plaintiffs and cross-petitioners applied for an order of sale by the receiver. Over the objection of plaintiffs in error, the order of sale was granted and the property sold. Objection was again made by plaintiffs in error at the hearing upon petition for confirmation, and, their objections being overruled and the sale confirmed, they bring the cause here for review.

The sole question that we find it necessary to decide is whether or not the trial court ought to have ordered the sale of the property. No question is made in the briefs of the propriety of this assignment of error being raised upon this appeal from the motion to confirm, and we therefore treat that as waived and this assignment as properly before us for decision.

Under our statute (section 4982, Rev. Laws 1910) the powers of a receiver under order of the court may be very broad. It is provided:

"The receiver has, under the control of the court, power to bring and defend actions in his own name, as receiver; to take and keep possession of the property, to receive rents, to collect debts, to compound for and compromise the same, to make trans-

fers, and generally to do such acts respecting the property as the courts may authorize." .

That a court of equity has power to order its receiver to sell property in process of foreclosure, prior to final decree, can hardly be disputed. The Supreme Court of the United States, considering such an order of sale in First National Bank of Cleveland v. Shedd. 121 U. S. 74, 7 Sup. Ct. 807, 30 L. Ed. 877, said:

"Of the power of the court to make such an order in a proper case we have no doubt."

The doctrine so announced has been uniformly followed in the federal courts, particularly in railway cases, such as was the Shedd Case, supra. Examples are found in the decisions in Central Trust Co. v. Cincinnati, H. & D. Ry. Co. (C. C.) 169 Fed. 469, Bowling Green Trust Co. v. Virginia P. & P. Co. (C. C.) 164 Fed. 757, and Penn. Ry. Co. v. Allegheny Val. Ry. Co. (C. C.) 42 Fed. 85. The power has also been upheld and exercised in cases involving other property than railways (Olmstead v. Distilling Co. [C. C.] 73 Fed. 44; Smith v. Burton, 67 Vt. 514, 32 Atl. 467), but all the courts united in declaring that the power ought to be exercised sparingly and with extreme caution. In this view we heartily concur. The statutes of this state provide an orderly method for the foreclosure of mortgages and for subjecting the mortgaged property to the payment of the debt for which it is pledged. It cannot be conceived that situations might arise where it would be necessary to forestall that orderly procedure and to sell the property by receiver's sale, in order to save anything for the parties. Such might readily be the case as to perishable personal property, or as to live stock, where the cost of maintenance was great. As to railways, the right of the public that they shall be operated frequently requires a speedy sale in order to place the property in a position where these rights of the public can be subserved, but as to ordinary real estate no such condition arises, and it is only in the most extreme cases, where it is clearly apparent that the interest of all parties would be served by the sale that we would give our sanction to such a proceeding. The dangers of even an ordinary exercise of the power are apparent. In perhaps the majority of cases continuing depreciation of the mortgaged property can be shown; some decrease of the corpus available to pay the debt, through charges of maintenance, repairs, receiver's fees, etc., can be established. If upon these grounds alone receivers are to be authorized to sell

in advance of a decree of foreclosure, then our whole statutory process for foreclosure may as well be abolished. By such a rule a homestead, mortgaged by the husband without the wife's consent, might be sold and the homestead right made into a mere nothing, before the wife was made a party or had an opportunity to assert her rights. True she might afterward claim the proceeds, but the sale would stand (Burlington Ry. Co. v. Simmons, 123 U. S. 52, 8 Sup. Ct. 58, 31 L. Ed. 73), and money would not restore the home or preserve the right to real property. which since our earliest times has been held next to sacred. Again, by such a sale the six-month redemption period given in "an appraisement waived" mortgage could be absolutely destroyed. These and many other considerations lead us to deny to trial courts the right to exercise this power of sale upon any ordinary grounds.

Here the application was based upon allegations of the deterioration of the machinery by nonuse, destruction by rats and mice, and partial cancellation of the insurance on the property. It suffices to say that all these things, if true, were not in any wise sufficient to authorize a receiver's sale in this cause. The cause was at issue, it could only be a few months at most until a proper trial could be had, and, if justified, a decree of foreclosure obtained. If that decree were superseded on appeal, it must be by a bond sufficient to render plaintiffs indifferent as to the fate of the mortgaged property. If not superseded, a sale could be had. Furthermore, in the instant case the execution of the securities relied upon was directly denied. In no such case, so far as our extended research has revealed, has the power to sell prior to a decree establishing the security even been exercised. Receiver's sales are ordered prior to final decree generally, only where there is a dispute as to priority of the various claimants, and not where the validity of alleged securities against the property is impeached.

Without further elaboration we hold the facts set out in the application for sale entirely insufficient to justify its prayer being granted. The cause is therefore reversed, with directions to the trial court to set aside the order confirming the sale, to direct the restoration of the purchase money to the successful bidder, if it has been paid into court, and to vacate the order for a receiver's sale.

By the Court: It is so ordered.