## WESTMORELAND BRICK CO. v. UNITED STATES MALLEABLE IRON CO. et al.

(Circuit Court of Appeals, Sixth Circuit. December 11, 1926.)

No. 4754.

1. **Judicial sales ⊙=11—Sale of real estate under order of federal court without statutory notice held erroneous (Comp. St. § 1642).**

Act March 3, 1893, § 3 (Comp. St. § 1642), requiring publication of notice once each week for at least four weeks of sale of real estate under any order, judgment, or decree, is sufficiently mandatory to render a sale made without such notice erroneous.

2. **Appeal and error ⊙=875—Order confirming sale will be set aside where sale was illegal (Comp. St. § 1642).**

On appeal from an order confirming a sale of real estate and overruling a motion to vacate the order of sale, on the ground that it was not in compliance with Act March 3, 1893, § 3 (Comp. St. § 1642), the confirmation should be set aside if it appears that there was not a legal sale, though the order of sale is not directly under review.

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Suit in equity by the Westmoreland Brick Company against the United States Malleable Iron Company and others. Complainant and certain interveners appeal from the order of the District Court. Reversed.

George R. Effler, of Toledo, Ohio (Fraser, Hiett, Wall & Effler, H. W. Fraser, and George R. Effler, all of Toledo, Ohio, on the brief), for appellants.

Robert Newbegin, of Toledo, Ohio (Doyle & Lewis, Howard Lewis, and Robert Newbegin, all of Toledo, Ohio, on the brief), for appellees.

Newton A. Tracy and E. J. Marshall, both of Toledo, Ohio, for receiver Dunn.

Before DENISON and MOORMAN, Circuit Judges, and HOUGH, District Judge.

MOORMAN, Circuit Judge. This suit was commenced by the filing of a bill for the appointment of a receiver for the United States Malleable Iron Company. The day the bill was filed, December 31, 1925, receivers were appointed and directed to continue the business of the company. Thereafter, on February 8, 1926, some of the bondholding creditors intervened, asking that the property of the company, consisting of its plant, including the real estate, be sold subject to the mortgage bonds. Acting upon this petition the court on the following day decreed the sale and fixed the date thereof as February 16, directing a special master to advertise the sale and to give notice thereof to all known creditors. Before the sale appellants, none of whom had theretofore been parties of record to the proceeding, except the Westmoreland Brick Company which filed the suit, appeared and by motion and intervening petition asked that the order of sale be set aside. These were considered with the motion to confirm the report of sale, and by an order dated February 16, but entered February 20, the petition was filed, but with the motion to set aside the order of sale was denied. In the same order the report of sale was confirmed. The report, as well as the order of confirmation, showed that the order of sale was entered February 9, and the sale made on February 16, that the only newspaper advertisements of the sale were those inserted in the Toledo Blade, February 9, and in the Toledo Times, February 19, but that notice of the place and date of holding it was given to all known creditors of the company.

[1] The motion to vacate the decree of sale and the objection to its confirmation were

based on the Act of March 3, 1893 (Compiled Statutes, § 1642), which in its pertinent part declares :"that hereafter no sale of real estate under any order, judgment, or decree of any United States court shall be had without previous publication of notices of such proposed sale being ordered and had once a week for at least four weeks prior to such sale in at least one newspaper printed, regularly issued and having a general circulation in the county and state where the real estate proposed to be sold is situated, if such there be." This statute is limited in its application to judicial sales made under order or decree of court and "requiring confirmation by the court for their validity." Yazoo v. Clarksdale, 257 U. S. 10, 42 S. Ct. 27, 66 L. Ed. 104. It is clearly applicable to the sale here.

It is insisted on behalf of appellees that the statute is directory, and that the court, under its general equity power, had the right to order the sale made privately or otherwise, as it thought best for the interest of the creditors. For appellants it is argued that the act is mandatory, and that the sale not having been made in compliance with its terms is void. We do not find it necessary to discuss the authorities cited, or to go so far as to affirm or deny either contention. It may be accepted as true that courts of equity, in the administration of estates through receiverships, may mold their remedies to meet conditions, subject, of course, to valid legislative regulations. The act in question prescribes the minimum of notice for certain sales of real estate, requiring newspaper publication thereof once a week for at least four weeks prior to the sale. This requirement is sufficiently mandatory, we think, to render erroneous any sale to which the statute is applicable and which was not made in substantial compliance with its terms.

[2] The remaining question is whether, on appeal from the order confirming the sale and overruling the motion to set it aside, there may be an examination of the validity of the decree of sale from which appellants contend no appeal was taken. Both orders seem to have been final. Sage v. Railroad Co., 96 U. S. 712, 24 L. Ed. 641; Bank v. Shedd, 121 U. S. 74, 7 S. Ct. 807, 30 L. Ed. 877. See also, Railway Co. v. Simmons, 123 U. S. 52, 8 S. Ct. 58, 31 L. Ed. 73; McGourkey v. Railway Co., 146 U. S. 537, 13 S. Ct. 170, 36 L. Ed. 1079. Appellees say that the order of confirmation must be sustained, if the sale was made according to the decree, whether that was erroneous or not, or, in other words, in passing on the second order; we may look to the first for authority for the sale, but not to see whether it was legally ordered. This has color of support in Chamberlin v. Trust Co. (C. C. A.) 118 F. 30, and Godchaux v. Morris (C. C. A.) 121 F. 482. But whatever force may be given to those cases, where the order appealed from relates merely to the confirmation, and does not recite the illegal terms of the sale, or determine other questions, they are not to be regarded as controlling, where objection was made to the confirmation on the ground that the statute was not followed, and the order itself shows, not only disobedience of the statute, but also an adverse ruling on a motion to set aside and vacate the order of sale. The statute being so far mandatory as to render erroneous any such sale not made in substantial compliance with its terms, and there being no finality to the sale until it is confirmed, if in examining the order of confirmation it appears, as here, that there was not a legal sale, it is, we think, within the power of this court, on an appeal from that order, to set it aside; this without looking to the validity or terms of the prior order—indeed, solely upon what appears on the face of the second order itself. Besides, the appeal here does more than bring up the order of confirmation. The petition and motion to vacate the order of sale were denied in the same order in which the sale was confirmed. That was in effect a dismissal of the intervening petition, and an appeal from the second order brings in review that action, which, in view of the mandatory nature of the statute, was erroneous.

Judgment reversed.