[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 25, 2010
JOHN LEY
CLERK

No. 09-14699
Non-Argument Calendar

_____

D. C. Docket No. 05-80669-CV-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVANGELOS LENA,
JOANNE LENA,

Defendants-Appellants,

A.J.L. TRUST, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2010)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Evangelos and Joanne Lena ("the Lenas"), proceeding *pro se*, appeal from (1) a judgment for the government following a bifurcated bench trial to determine the validity of tax liens against them and their interest in certain real property that they purportedly transferred to the A.J.L. Trust ("the Trust"), and (2) an order granting summary judgment in favor of the government on its request to foreclose and sell the real property. On appeal, the Lenas argue that the district court erred in upholding the validity of the federal taxes assessed against them and reducing the liens to judgment because it (1) rejected their claim that money received from a private-sector employer is non-taxable based on the proper definition of certain Internal Revenue Code ("IRC") language and (2) deferred to tax forms prepared by a third-party private-sector employer as opposed to their amended tax forms. We AFFIRM the district court judgment and order.

## I. BACKGROUND

In July 2005, the government filed a complaint against the Lenas, seeking (1) to reduce to judgment tax liens previously assessed against the Lenas for tax years 1991, 1992, and 1993, and (2) to void any title or interest to the Lenas' house purportedly held by the Trust and to foreclose upon and sell the Lenas' house to satisfy the tax liens. R1-1. The complaint also named the Trust as a defendant,

2

along with Chris Kachouroff ("Kachouroff"), as a purported Trustee, and CitiMortgage, Inc., as holder of a mortgage in the Lenas' home.[1]  *Id.*

The Lenas moved *pro se* to dismiss the action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted, or, in the alternative, they moved for a more definite statement, arguing that the government failed to plead any facts in support of the alleged tax liabilities.  R1-10.  The district court denied the Lenas' motion.  R1-20 at 4.

Joanne Lena subsequently filed a motion to compel agency action, pursuant to 28 U.S.C. § 1361, asking the court to order the IRS "to return wrongfully seized property" and to correct erroneous IRS accounting regarding her tax returns.  R1-22.  The district court denied the motion.  R1-31 at 5.

The Lenas then filed a memorandum construed as a motion to dismiss for lack of subject-matter jurisdiction claiming that the suit did not involve a federal question or diversity.  R1-23.  The district court denied the motion.  R1-32 at 2.

In mid-2006, the Lenas filed a motion for summary judgment and a verified motion for summary judgment, arguing that the government could not show that

---

[1]None of these entities are parties to the instant appeal.  The Trust never filed a proper answer and was dissolved during the pendency of the district court proceedings.  *See* R1-43; R3-77 at 3, 81; R4-110.  Neither Kachouroff – who resigned as Trustee – nor CitiMortgage – which held a superior interest in the Lenas' home, as the government stipulated – filed notices of appeal following the court's entry of final judgment.  *See* R1-11, 21, 24, 30, 41.

they engaged in any activity subject to federal income tax during the years 1991 through 1993. R1-33, 37. The district court denied the Lenas' motions for summary judgment without prejudice in November 2006 and ordered them to answer the government's complaint. R1-42 at 4. The Lenas filed a notice of appeal, but we dismissed their appeal for lack of jurisdiction, finding that the district court's order was not final and appealable. *See* R1-48; R2-51.

The Lenas subsequently filed an answer, denying any tax liability and claiming that they made a valid transfer of their home to the Trust. R1-44. The district court struck their answer and ordered them to pay $554.25 in attorneys' fees and court costs after they failed to comply with an order to respond to discovery in preparation for trial. R2-58, 65 at 2, 66.

In November 2007, the government moved for a default judgment against the Lenas. R3-70. It claimed the Lenas owed $106,297.66 to date for 1991 and 1992, and that Evangelos Lena owed $2,396.01 to date for 1993. *Id.* at 1. It also moved for summary judgment against the Trust and Kachouroff and requested sale of the property, arguing that the Trust was the Lenas' nominee and that the Lenas were the home's true owners. *Id.* at 1-2. Specifically, the government claimed that (1) the Lenas created the Trust for the sole purpose of holding title to their real property in order to evade their tax liabilities, (2) Evangelos Lena exercised sole

4

control over the Trust as General Manager as opposed to a trustee, and (3) the Lenas never disputed that the Trust was their nominee. *Id.* at 9-16.

The Lenas opposed this motion, arguing that their amended tax forms rebutted the government's claims as to their tax liability, and arguing at length that their income was not taxable based on their interpretation of the IRC, including the meaning of the words "wages," "includes," "employee," "state," "United States," and "trade or business." R3-72. They did not address the government's claims regarding ownership of the real property. *See generally* R3-72. They also filed a cross-motion for summary judgment, which the court denied as untimely. R3-78, 80.

The district court denied the government's motion for default judgment and for summary judgment, finding that genuine issues of material fact existed as to whether the Trust was the Lenas' nominee. R3-75 at 3-4, 79 at 10. Specifically, it found that (1) the general manager exercised limited control over the Trust compared to the Trustee, and (2) there was no evidence that: the previous Trustees failed to exercise their authority; the Lenas used Trust funds to pay their personal expenses or received any compensation from the Trust; or a family relationship existed between the Lenas and their Trustees. R3-79 at 7-9.

In January 2008, the Lenas filed a notice informing the court that the Trust

had transferred the real property at issue to their children – the Trust beneficiaries – and that they had dissolved the Trust. R3-81. They attached a copy of the January 2008 quitclaim deed and a document signed by Mr. Lena, as settlor, revoking the Trust. *Id.*, attached documents. The Lenas then moved to amend their opposition to the government's previously ruled on motions for default and summary judgment and to file a counter-motion for summary judgment. R3-82; *see* R3-83, 84, 87. In this pleading, they admitted that "[t]he merits of this case have almost nothing to do with issues of fact . . . It has never been disputed that the Lenas received pay in exchange for their labor during the years 1991, 1992, and 1993." R3-82 at 2. They characterized "[t]he only real issue in this case" as whether or not their "compensation for labor [was] untaxable under the Constitution." *Id.*. The court denied this motion. *See* R3-85 at 2, 86, 89.

In February 2008, the government filed an amended complaint against the parties originally named as defendants, as well as the Lenas' children, reiterating the claims in its original complaint and seeking to void any title or interest held by the Lenas' children in the house by claiming that they were the nominees of the Lenas or that the transfer was fraudulent. R4-94, 95, 96, 111. The Lenas answered by reiterating their previous claims. R4-105.

The district court held a bifurcated trial in February 2008, limiting the first

6

phase of trial to determining whether the tax liens against the Lenas were valid and whether the Trust was their nominee such that they retained a property interest in the house. R4-95 at 4; *see generally* R7. Evangelos Lena testified during trial and admitted that he was employed by A&G Family Restaurant and that his employer paid him money in exchange for his labor, but he argued that his income was not taxable because he did not work for the federal government or a company connected with the federal government. R7 at 42-48. With regard to the Trust, Mr. Lena admitted that he continued to make monthly mortgage payments on the home to CitiMortgage and that the mortgage remained his obligation because he entered into the mortgage prior to transferring the home to the Trust. *Id.* at 64-67. He stated that his children were the Trust beneficiaries. *Id.* at 69. Mr. Lena also admitted that (1) he continued to live in the home, (2) he paid the power bill monthly in his name, (3) he paid property tax each year, (4) the tax records listed the Lenas as the owners with the Trust as title holder, (5) they claimed a homestead exemption on the property, and (6) he paid to re-roof the house after it was in the Trust. *Id.* at 69-75.

In June 2008, the district court entered a non-final order finding that the tax assessments and liens against the Lenas for 1991, 1992, and against Mr. Lena for 1993, were valid and that the Lenas had an interest in the house sufficient for the

government to attach because the Trust was their nominee. R4-114. The district court concluded that the Lenas jointly owed a total of $108,444.86 and Mr. Lena individually owed a total of $2,444.54. *Id.* at 19. The court ordered the government to file a motion for foreclosure and a proposed final judgment. *Id.* at 19-20. The government responded by moving for the court to enter judgment as to the tax assessments against the Lenas and to assess court costs and attorneys' fees. R4-117.

In July 2008, the district court entered a final judgment as to the tax assessments, court costs, and attorneys' fees. R4-121. With the additional interest, the tax liabilities amounted to $110,570.78 jointly and $2,492.57 against Mr. Lena individually. *Id.* at 1. The court also stated that the government could foreclose the Lenas' house to satisfy the tax assessments, but it did not order the foreclosure or sale of the property. *Id.* at 2. The Lenas filed a notice of appeal, but we dismissed their appeal for lack of jurisdiction, finding that the district court's order was neither final nor immediately appealable. *See* R4-122; R5-137.

In August 2008, the government filed a motion to extend the time in which it could file a motion for a decree of foreclosure because the district court had not yet determined the Lenas' children's interest in the house. R4-126. The court granted the motion for an extension of time and stated that the government could move to

8

foreclose upon the property after a determination of the Lenas' children's interest in the property. R4-127.

The government then filed a motion for summary judgment on the amended complaint, which the Lenas and their children opposed solely by reiterating their challenge to the validity of the underlying tax assessments against them. R5-142, 150. The district court granted this motion, ruling that because the transfer of the home to the Trust was void, the transfer from the Trust to the Lenas' children was also void. R5-152 at 3. It entered judgment in favor of the government and ordered the sale of the property. R5-153 at 1-4. On 2 July 2009, the court entered an amended final judgment to provide that the IRS's Property and Liquidation Specialists would conduct the sale as opposed to the United States Marshal. R5-160 at 2.

On 13 July 2009, within 10 business days following the entry of the amended judgment, the Lenas filed a timely tolling motion under Fed. R. Civ. P. 59(e) to amend or correct the judgment. R5-161. The court denied this motion on 14 August 2009. R5-168 at 2. The Lenas filed a *pro se* notice of appeal less than 60 days later, designating only the denial of their motion to alter or amend the final judgment ordering the sale and foreclosure of their home. R5-169. In their notice of appeal, the Lenas did not reference their children, and their children did not file

9

a separate notice of appeal. *See* R5-169; *see generally* R1, docket sheet.

While the Lenas only designated the denial of their motion to alter or amend final judgment in their notices of appeal, it is clear that they actually intended to appeal the district court's orders granting judgment to the United States on the issue of their tax liability. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (stating that we construe *pro se* pleadings liberally). On appeal, the Lenas first challenge the government's authority to impose a federal income tax on any money received from a private-sector employer, raising issues of statutory interpretation related to the meaning of the words: (1) "includes" and "including," (2) "trade or business," (3) "wages," (4) "employee" and "employment," (5) "United States," and (6) "State." Second, the Lenas challenge the court's failure to credit their amended tax forms showing zero liability in favor of the forms prepared by a third-party employer included in the IRS assessments of tax liability.

## II. DISCUSSION

After a bench trial, we review the district court's conclusions of law *de novo* and the court's factual findings for clear error. *Renteria-Marin v. Ag-Mart Produce, Inc.*, 537 F.3d 1321, 1324 (11th Cir. 2008). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

10

committed." *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007) (quotation marks omitted).

A tax assessment made by the IRS constitutes a "determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes," and such a determination "is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242, 122 S. Ct. 2117, 2122 (2002); *see also United States v. Chila*, 871 F.2d 1015, 1017-18 (11th Cir. 1989) (noting that Certificates of Assessments and Payments amount to presumptive proof of a valid assessment). Accordingly, the taxpayers have the burden of proving that the IRS's computations in this regard were erroneous. *Pollard v. Comm'r of IRS*, 786 F.2d 1063, 1066 (11th Cir. 1986). In a case involving a tax refund dispute, we held that the taxpayers' claims "must be substantiated by something other than tax returns, uncorroborated oral testimony, or self-serving statements." *Mays v. United States*, 763 F.2d 1295, 1297 (11th Cir. 1985) (internal citations omitted) (per curiam).

The Sixteenth Amendment to the U.S. Constitution provides, in part, that "Congress shall have power to lay and collect taxes on incomes, from whatever source derived . . . ." U.S. Const. amend. XVI. The IRC imposes a tax on the taxable income of every individual who is a citizen or resident of the United States, with some exceptions not applicable to the Lenas. I.R.C. § 1(a)-(d). Taxable

11

income includes, but is not limited to, "[c]ompensation for labor or personal services performed in the United States."  I.R.C. § 861(a)(3), (b).

Where a "person liable to pay any tax neglects or refuses to pay the same after demand, the amount [along with any applicable additions] . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."  I.R.C. § 6321.  Such a lien generally arises "at the time the assessment is made" and continues "until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time."  I.R.C. § 6322.

> Taxpayer arguments described as "frivolous" include:
>
> that their wages are not income subject to tax but are a tax on property such as their labor; that only public servants are subject to tax liability; that withholding of tax from wages is a direct tax on the source of income without apportionment in violation of the Sixteenth Amendment; that withholding taxes violates equal protection; [and] that they should be allowed to exclude from the amount of wages they receive the cost of maintaining their well-being.

*Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986) (per curiam).  More generally, we have long held as frivolous claims that income "derived from employment in the private sector[ ] is not subject to federal taxation."  *United States v. Morse*, 532 F.3d 1130, 1132-33 (11th Cir. 2008) (per curiam).

12

The Lenas do not dispute the government's contention that they received money in exchange for labor from their employer during the tax years in question, and they do not dispute the government's calculation regarding the amount of such money received. Instead, they submit their amended and corrected tax forms solely in an attempt to rebut the assessments on grounds that such monies are non-taxable. The Lenas claim the monies are non-taxable based on a narrow reading of IRC language, the non-applicable Public Salary Tax Act of 1939, and because they worked for a private-sector corporation. These arguments are frivolous. *See Morse*, 532 F.3d at 1132-33; *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987) (per curiam); I.R.C. § 7701(c). Further, the IRS assessments presented against the Lenas as evidence of their tax liability before the district court were entitled to a presumption of correctness. *Fior D'Italia, Inc.*, 536 U.S. at 242, 122 S. Ct. at 2122; *Chila*, 871 F.2d at 1017-18. The district court properly found that the Lenas failed to rebut the presumption of correctness, thus, the tax liability claimed by the government was valid. *See Pollard*, 786 F.2d at 1066; *Mays*, 763 F.2d at 1297.

### III. CONCLUSION

The Lenas appeal from a judgment determining tax liens against them and their interest in certain real property valid, and an order granting summary

13

judgment in favor of the government on its request to foreclose and sell the real property. As we have explained, (1) the Lenas' statutory interpretation arguments are frivolous, and (2) their argument that the district court improperly deferred to government-submitted assessments fails because tax assessments made by the IRS are entitled to a legal presumption of correctness. Accordingly, the district court judgment determining the validity of the tax liens and the district court order to foreclose and sell the Lenas' real property are **AFFIRMED**.