**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARK SIMONS; JOYCE W.
SIMONS,

      Defendants-Appellants,

and

SIMONS FAMILY TRUST; SIMONS
ENTERPRISES TRUST;
GREENPOINT MORTGAGE;
JP MORGAN CHASE & CO., as
Successor in Interest to Bank One,
Utah, N.A.; J. BARRES JENKINS;
NORMA C. JENKINS,

      Defendants.

No. 10-4083
(D.C. No. 2:06-CV-00750-CW)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The United States filed this action against Mark Simons and Joyce W. Simons (collectively the Simonses), to reduce to judgment certain federal income-tax assessments against them, to foreclose on federal tax liens on their real property, and to force a sale of that property. After the district court granted the United States' summary-judgment motion and entered a money judgment in favor of the government for the amounts of the Simonses' unpaid tax assessments, the Simonses filed a notice of appeal. The United States moved to dismiss the appeal for lack of jurisdiction. Because we conclude that the judgment appealed from is not a final, appealable decision under 28 U.S.C. § 1291, we grant the government's motion and dismiss the appeal.

The United States' prayer for relief in its amended complaint included a request that the Simonses' real property be sold pursuant to 26 U.S.C. § 7403. Section 7403(a) authorizes the Attorney General to bring a civil action to enforce a lien on a delinquent taxpayer's property. Section 7403(c) states further that

> [t]he court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, *may decree a sale of such property*, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

26 U.S.C. § 7403(c) (emphasis added).  Section 7403 "requires the court to determine the merits of all claims to the property, and in case the United States establishes such a claim, permits, but does not require, the court to order a judicial sale."  *United States v. Brosnan*, 363 U.S. 237, 244 (1960).

The United States and the Simonses filed cross motions for summary judgment in the district court.  The government argued in its motion that there were no material facts in dispute regarding the Simonses' outstanding tax obligations and the government's entitlement to foreclose its federal tax liens against their real property.  In its brief, the government stated that it would submit a proposed Order of Foreclosure and Decree of Sale if the court granted its summary-judgment motion.  The district court referred the motions to a magistrate judge, who issued a report and recommendation (R&R) to grant the United States' motion.  The R&R made the following findings and conclusions:

> (1) Plaintiff has valid federal tax liens which, as a matter of law, attach to all property and rights to property of Defendants; (2) the federal tax liens attach to the real property at issue . . . .  Based on the foregoing, the court concludes that Plaintiff is entitled to judgment as a matter of law reducing the tax assessments to judgment and foreclosing the related federal tax liens against the real property located at 185 West Center Street (Parcel 1) and 105 West Center Street in Nephi, Utah (Parcel 2).

R., Vol. 12 at 326.  The district court adopted the R&R in its entirety on February 24, 2010, and the next day it entered a money judgment in the government's favor for the dollar amounts of the Simonses' unpaid tax assessments.

On March 3, 2010, the United States filed a Motion for Entry of Order of Foreclosure and Decree of Sale (hereafter Motion for Sale). The United States' proposed Order of Foreclosure and Decree of Sale would declare as foreclosed the federal tax liens and judgment liens arising out of the United States' claim to reduce the Simonses' tax assessments to judgment; identify by legal description the Simonses' real property subject to the liens; authorize and direct the United States Marshal to offer that property for sale at public auction; set forth the terms and conditions of the sale; and provide for the distribution of the proceeds from the sale. On March 19, 2010, before the district court ruled on the Motion for Sale, the Simonses notified the district court of their bankruptcy filing. While the case was subject to the automatic bankruptcy stay, the Simonses filed a notice of appeal on April 22, 2010.[1] They filed notice of the dismissal of their bankruptcy case on May 6, 2010. The last docket entry in the record on appeal is the Simonses' motion to stay execution of the judgment pending appeal.[2]

---

[1] The automatic bankruptcy stay "does not prevent a debtor from commencing or continuing his own appeal." *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997).

[2] There have been further developments in the district court, of which we take judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (taking judicial notice of another court's publicly filed records "concerning matters that bear directly upon the disposition of the case at hand"). On December 8, 2010, the district court entered a single order granting the Simonses' motion for stay pending appeal and denying the United States' Motion for Sale. The implication of this order is that the government can renew its motion after a ruling in this appeal, at which point the district court will rule on

(continued...)

On appeal the Simonses raise typical "tax-protester" arguments that we have previously held to be frivolous. Moreover, the United States argues that the Simonses have waived consideration of these issues on appeal by their failure to raise them in their objections to the magistrate judge's R&R. But before reaching the merits of the Simonses' appeal, we are constrained to address the threshold jurisdictional issue raised by the United States in its motion to dismiss the appeal.

This court has "jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. "A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1541 (10th Cir. 1996) (quotation omitted). As relevant to this case, an order that adjudicates fewer than all of the claims, or leaves the assessment of damages or the award of other relief to be resolved, is not final within the meaning of § 1291. *See id.* The United States argues that the district court's judgment is not a final decision because it did not resolve the government's request for relief in the form of an order for sale pursuant to § 7403. It contends in its motion to dismiss the appeal that, without an order for sale, it cannot proceed to sell the Simonses'

[2](...continued)
the merits of the Motion for Sale. On December 17, the United States filed a motion to reconsider the district court's stay order, and on February 11, 2011, the government renewed its Motion for Sale, arguing that the Simonses have failed to comply with the district court's stay order. The district court has not yet ruled on either of these motions.

properties; therefore, the district court's summary judgment ruling and judgment did not end the litigation on the merits. The Simonses argue that the district court's decision is final because issuance of an order for sale is merely a matter of executing the judgment, rather than a decision on the merits of the United States' claims in its amended complaint.

It has long been established that "a decree of sale in a foreclosure suit, which settles all the rights of the parties and leaves nothing to be done but to make the sale and pay out the proceeds, is a final decree for the purposes of an appeal." *Grant v. Phoenix Mut. Life Ins. Co.*, 106 U.S. 429, 431 (1882). "The sale in such a case is the execution of the decree." *N.C. R.R. Co. v. Swasey*, 90 U.S. 405, 409 (1874). The United States cites *Burlington, C. R. & N. Railway Co. v. Simmons*, 123 U.S. 52 (1887), for its proposition that the judgment in this case is not final. In *Burlington*, the Supreme Court distinguished between final and non-final orders in foreclosure cases, focusing on whether the trial court had entered a decree of sale. *See id.* at 55-56 (explaining that "a decree of sale absolutely and without reserve, which could be carried into execution at once . . . was surely final, for the purposes of an appeal"; while in another case the decision was not final where "there was no decree of sale which could be carried immediately into execution" and "further judicial action must be had by the court before its ministerial officers could proceed to carry the decree into execution" (quotations omitted)). Based on the absence of an "actual decree of sale" in

*Burlington*, the Court dismissed that appeal for lack of jurisdiction. *Id.* at 56; *see also Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 337 (5th Cir. 1981) (noting the orders in *Burlington*, *Grant*, and *Swasey* were not final, although they contemplated judicial sales, but "an order in a foreclosure proceeding that directs immediate sale of specified property is in all respects a final order for purposes of appeal").

Applying this reasoning to the summary-judgment ruling and the judgment entered in this case, we conclude that the district court's decision is not yet final under § 1291. While the district court has entered judgment in favor of the United States for the dollar amounts of the Simonses' unpaid tax assessments, and has concluded that the government is entitled to judgment as a matter of law foreclosing the tax liens against the Simonses' property, the court left unresolved the government's ultimate request for relief seeking a forced sale of the property. *See Harolds Stores*, 82 F.3d at 1542 (holding judgment for damages not final where plaintiff also sought injunctive relief). The district court has not entered the government's proposed order for sale, which would "leave[] nothing to be done but to make the sale and pay out the proceeds." *Grant*, 106 U.S. at 431. Nor has it ended the litigation by denying the United States' Motion for Sale on the merits. *See Harolds Stores*, 82 F.3d at 1542 (holding damages judgment became final when district court denied plaintiff's additional claim for relief seeking a permanent injunction).

Moreover, we reject the Simonses' contention that the issuance of an order for sale is merely a matter of executing the judgment. An order directing the sale of property is part and parcel to the relief sought in an action under § 7403. *See United States v. Rodgers*, 461 U.S. 677, 699 (1983) (stating an advantage of a § 7403 action "is that it gives the Federal Government the opportunity to seek the highest return possible on the forced sale of property interests liable for the payment of federal taxes"). And the determination whether to order a sale is subject to the district court's discretion. *See id.* at 706 (holding § 7403 does not require court to authorize forced sale). Thus, the district court here must take further action on the merits of the United States' claims for relief "before its ministerial officers [can] proceed to carry the decree into execution." *Burlington*, 123 U.S. at 56 (quotations omitted). This is not a case where the district court ordered the sale of the Simonses' property, leaving only the logistics of the sale to be determined by a subsequent order. *See Brown Shoe Co. v. United States*, 370 U.S. 294, 308-11 (1962) (holding judgment final and appealable where district court passed on every prayer for relief in the complaint and ordered full divestiture of stock, although court had not yet approved a divestiture plan).[3]

---

[3]     We note that one of our sister circuits dismissed an appeal for lack of jurisdiction in a similar context, where the district court had reduced tax assessments to judgment and stated that the government could foreclose on the taxpayers' house in order to satisfy the assessments, but had not ordered the foreclosure or sale of the property. *See United States v. Lena*, 370 F. App'x 65,

(continued...)

The Simonses' notice of appeal is premature because there is not yet a final, appealable order in this case. *See Burlington*, 123 U.S. at 56 (granting motion to dismiss appeal where "there has been no actual decree of sale"). Therefore, the appeal is DISMISSED for lack of jurisdiction.

Entered for the Court


Stephen H. Anderson
Circuit Judge

---

[3](...continued)
68 (11th Cir. 2010).