In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10133

Non-Argument Calendar

_____

FLA MORTGAGE CAPITAL CORPORATION,

Plaintiff,

NON PERFORMING LLC,
OSLO GROUP LLC,

Plaintiffs-Appellees,

*versus*

JOHN E. TYRE,
a.k.a. John Edwin Tyre II,
KAY TYRE,
a.k.a. Lanita K. Tyre,

2                          Opinion of the Court                    24-10133

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cv-01012-BJD-PDB

_____

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Upon review of the record and the responses to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction. Appellants challenge the December 12 and 13, 2023 order and judgment in this foreclosure action granting the plaintiffs summary judgment and entering judgment against the appellants in the amount of $256,466.42. However, the December 12 order instructed the plaintiffs to file a proposed final judgment of foreclosure, and the district court has not yet entered that judgment or otherwise foreclosed the plaintiffs' security interest, ordered the sale of the relevant property if the monetary judgment is not paid, or established the terms for any such sale.

Thus, the December 2023 order and judgment are not yet final because there remain outstanding proceedings to fully resolve the plaintiff's complaint for foreclosure. *See CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Burlington, Cedar Rapid & N. Ry. Co. v. Simmons*, 123 U.S. 52, 54-56 (1887) (explaining

24-10133                Opinion of the Court                3

that, in a foreclosure action, the proceedings are not final if there is no order of sale); *see also Citibank, N.A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 337 (5th Cir. Unit B May 1981).  The order and judgment are not appealable under the doctrine of practical finality for the same reasons and because there has not been a showing of irreparable harm.  *See Burlington, Cedar Rapid & N. Ry. Co.*, 123 U.S. at 54-56; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 991-92 (11th Cir. 2022).