**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11325

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Counter Defendant-Appellee,

versus

CHRISTOPHER WHITMAN,

Defendant-Appellant,

REBECCA V WHITMAN, et al.,

Defendants-Counter Claimant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:23-cv-00057-LAG

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Whitman appeals the district court's order (1) denying his second motion for summary judgment as untimely, (2) granting summary judgment for the government, (3) reducing to judgment the tax assessments against him, and (4) foreclosing the federal tax liens the government holds on his properties. Notably, in a subsequent order, the court further ordered that the government "may seek to enforce its federal tax liens by moving for a judicial sale of the Subject Properties." On appeal, Whitman argues that the district court failed to apply the correct summary judgment standard and abused its discretion in denying "reconsideration" without addressing "manifest errors" he had identified. In response, the government argues that this appeal should be dismissed for lack of jurisdiction.

We generally only have jurisdiction over the final decisions of district courts. 28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) ("To be appealable, an order must be either final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception."). An order is a final decision if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *CSX Transp., Inc.*, 235 F.3d at 1327.

In the context of foreclosure cases, an order that contemplates a judicial sale is not necessarily final. *Citibank, N. A. v. Data*

25-11325                  Opinion of the Court                      3

*Lease Fin. Corp.*, 645 F.2d 333, 337 (5th Cir. Unit B May 1981).[1]  For example, where there is no order of sale, the proceedings are not final because further judicial action is required before a court's ministerial officers can execute any initial decree that resolved the right to a sale.  *See Burlington, C. R. & N. Ry. Co. v. Simmons*, 123 U.S. 52, 54-56 (1887) (explaining that, although the right to a sale of the property had been settled by the court below, the initial determination did not end the foreclosure proceeding because the sale required further judicial action; specifically, the court had to enter an order of sale setting the terms of redemption); *Citibank*, 645 F.2d at 337 (explaining that an order that directs the immediate sale of specified property is final, whereas an order that determines a party's right to a judicial sale, but does not determine the amount of the debt or actually order the sale, is not); *see also* 28 U.S.C. § 2001 (providing that a federal court order authorizing judicial sale of realty must specify the terms and conditions of the sale, as determined by the court).

We lack jurisdiction over Whitman's appeal because the district court has not yet entered an order of sale foreclosing the tax liens against the subject properties and directing the terms of the foreclosure sale, such that there is no final or immediately appealable order.

---

[1] In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), this Circuit adopted as binding precedent decisions issued by Unit B of the former Fifth Circuit after September 30, 1981.

4                          Opinion of the Court                    25-11325

**APPEAL DISMISSED**.